PETER BOWHAY, APPELLEE, V. WILLIAM H. RICHARDS, APPELLANT.

FILED MAY 21, 1908.  No. 15,214.

1. **Party Walls: RIGHTS OF PARTIES.** Where a wall is entirely upon the property of one party, the right of an adjoining owner to have support therefrom, whether derived from contract or acquired by prescription, is in the nature of an easement, which is terminated upon the destruction of the building by fire.

2. ———: NOTICE TO PURCHASER. The fact that the owner of a building used a wall upon the land of an adjoining proprietor for the support of his building before the same was destroyed by fire is not such notice as charges a purchaser of the property upon which the wall is situated with knowledge of a stipulation in an unrecorded written contract that the owner of such

building might renew the use of such wall in case it should be destroyed and rebuilt.

3. Appeal. Where the judgment of the district court is proper upon the undisputed facts shown by the record, it will be affirmed, without considering whether the reasons given by the trial judge for his conclusion were competent and adequate to support the same.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*L. M. Pemberton, F. N. Prout* and *W. H. Richards,* for appellant.

*Sackett & Brewster, contra.*

CALKINS, C.

In 1894 one Fouke was the owner of lot numbered 2 in the town of Liberty, upon which there was a one-story brick building. The south wall of this building practically coincided with the south line of the lot. Fouke on October 17, 1894, made a contract with one Gifford that the latter might join this wall with a good and substantial brick or stone building on the south side of the building owned by Fouke. It was stipulated in this agreement that the floor joists should not be attached to the wall on lot 2, but that it might be used to support the roof or ceiling joists. This contract contained the following clause: "It is fully understood that so long as the present wall stands it may be used by said Gifford as a party wall, and in the event of the falling or breaking down of the said wall at any time, and in the event that a wall should be rebuilt where the present wall stands, then said Gifford shall have the right to join said wall, and it shall become a party wall as is the one for which this contract is made." It appears that Gifford was the owner of lot numbered 3, which adjoined lot numbered 2 on the south; but neither the ownership of this lot by Gifford nor its location was in any manner referred to in the written contract. Soon after

the making of this contract Gifford erected a building,
using the south wall as stipulated. The contract was
never recorded. Both buildings were destroyed by fire in
March, 1906, leaving standing, however, a portion of the
wall in question. On the 2d day of May, 1906, the plaintiff
purchased lot 2, and afterwards erected a building thereon,
in the construction of which he rebuilt and used the wall
in question. After the completion of said wall and build-
ing on lot 2 by plaintiff, the defendant, who had purchased
lot 3, began the construction of a building thereon, and
sought to use the south wall for the support of the ceiling
and roof joists of such building. The plaintiff thereupon
brought this action, alleging sole ownership of lot 2, and
asking that the defendant be restrained from interfering
with or using the south wall of the building. To this peti-
tion the defendant answered, alleging ownership of lot 3,
adverse possession of the wall, the making of the written
contract, the assignment of the same to the defendant,
and that the plaintiff bought said lot 2 with full knowl-
edge of the existence of said written contract. There was
a reply denying these allegations of the answer, and al-
leging the destruction of the building by fire and the con-
sequent termination of any easement in the wall by the
defendant or his grantor. Upon these issues there was a
trial to the court, who found, first, the execution of the
contract; second, the construction by the defendant's
grantor of a building on lot 3, and the adjoining the same
to the wall in question in pursuance of the contract re-
ferred to; third, the destruction of the buildings by fire;
fourth, that after the fire the plaintiff purchased lot 2,
and the defendant entered into a contract for the pur-
chase of lot 3; fifth, that the contract was not filed for
record nor recorded, but that plaintiff knew of the pos-
session of the party wall and its use by the grantor of the
defendant Richards, and had such notice of the rights of
the defendant as to put him upon inquiry which would
have disclosed full knowledge of all the terms and condi-
tions of the contract and the rights of the parties there-

under; sixth, that the wall used by the two buildings was damaged by fire to such an extent that it could not be used again without repairs, and that the plaintiff made all such necessary repairs at his own expense and at a cost of $200; seventh, that the defendant claimed the right to join on said wall without paying any part of such repairs, and refused to pay or in any way be bound to contribute to such repairs made necessary by the fire of March, 1906. Upon these findings the court concluded as a matter of law that the defendant had no right to join his building to the wall of the plaintiff until he had first paid his proportionate share of the repairs to the wall made necessary by the fire, and rendered a judgment making the temporary injunction which had been granted at the commencement of the suit perpetual. From this judgment the defendant appeals.

1. The defendant finds no fault with the first five findings of the district court, but very strongly insists that findings 6 and 7 are neither supported by the evidence nor within the issues joined; while the plaintiff contends that the fifth finding of the court that the plaintiff had such knowledge of the rights of the defendant in the premises as to put him upon inquiry which would have disclosed the terms and conditions of the written contract is erroneous, and that the easement, if any, which the owners of lot 3 had in the south wall of lot 2 was terminated by the destruction of the buildings by fire. Where a party wall is situated on both sides of the division line, each party has title to the soil to the line, but his title is qualified by the easement which the other owner has of supporting his building by the common wall. Where, as in this case, the wall is entirely upon the property of one party, the right of the other to have support therefrom is in the nature of an easement only, and the general doctrine is that such easement ceases upon the destruction of the building by fire. *Sherred v. Cisco,* 4 Sandf. (N. Y.) 480; *Partridge v. Gilbert,* 15 N. Y. 601, 69 Am. Dec. 632; *Heartt v. Kruger,* 121 N. Y. 391, 18 Am. St. Rep. 829; *Hoffman v.*

*Kuhn,* 57 Miss. 746, 34 Am. Rep. 491; *Bonney v. Green-wood,* 96 Me. 335. This doctrine appears to have been first enunciated in *Sherred v. Cisco, supra,* and was quoted approvingly by Judge Denio in *Partridge v. Gilbert, supra,* and it has again been enunciated by the same court in *Heartt v. Kruger, supra.* It was said by Judge Denio in the opinion above referred to: "In the changing condition of our cities and villages, it must often happen, as it did actually happen in this case, that edifices of different dimensions, and an entirely different character, would be required. And it might happen, too, that the views of one of the proprietors, as to the value and extent of the new buildings, would essentially differ from those of the other, and the division wall, which would suit one of them, would be inapplicable to the objects of the other." The reasons thus given are particularly applicable to conditions in our own state, and we believe the rule adopted in these cases is sound, and should be followed.

2. In this case the written contract provides: "And in the event of the falling or breaking down of said wall at any time, and in the event that a wall should be rebuilt where the present wall stands, then said Gifford shall have the right to join said wall, and it shall become a party wall as is the one for which this contract is made." This presents the question whether the plaintiff in purchasing said property was chargeable with notice of the terms and conditions of this contract. There is no dispute as to the facts. There is no evidence to overcome the assertion of the plaintiff that he had no knowledge of the existence of any written contract. On the other hand, it is equally clear that the plaintiff knew of the use made by defendant's grantor before the fire of the wall in question. We think it may be conceded that notice to the plaintiff that the defendant's grantor used a portion of such wall for the support of his building charged the plaintiff with knowledge of the existence of an easement in the wall to that extent; but we doubt the soundness and justice of the doctrine that he was thereby

put upon inquiry. It is the policy of the law to require parties claiming interests in real estate by virtue of written instruments to record the same, and thereby give notice of the extent and character of their claim. The place to inquire concerning titles or interests in the titles of real estate is the office of the register of deeds for the county in which the same is situated. If it is demanded of a party purchasing real estate to make inquiry elsewhere, it should be clearly pointed out from whom and where he should seek such information. If it be said that in this case the plaintiff should have inquired of the owner of the adjoining property, the records disclose such owner to be a nonresident of the state, and therefore not easy of access. But, waiving that objection, the rule that requires the intending purchaser to make inquiry must assume that the person inquired of would not only be able to, but would be disposed to, give accurate and reliable information concerning the contents of the instrument in question. A person claiming an interest in realty by virtue of a written instrument can give notice to all the world of the extent of his claim by the registry of such instrument. Intending purchasers are entitled to notice given in this manner, and should not be bound to inquire for or accept the statements of a person who refuses or neglects to record the written instrument under which he claims. When the plaintiff purchased this property neither the defendant nor his grantor was making any actual use of the easement which they claimed in said wall. The only easement of the use of which the plaintiff had any notice was such as would, as we have seen, be terminated by the destruction of the buildings by fire, and it had not been exercised since the occurrence of the fire. It is plain that the actual use of an easement which is relied upon to take the place of the registration of the contract under which it is claimed must be an existing and continuous use. In any view of the case, we do not think the plaintiff was chargeable

52

with notice of that clause in the contract which it is contended takes it out of the usual rule that an easement ends with the destruction of the property by fire.

3. The judgment of the district court being a proper one upon the grounds we have hereinbefore stated, it becomes unnecessary to inquire whether the last two findings of the court were sustained by the evidence or were within the issues made by the pleadings.

The proper result was reached, and we recommend that the judgment of the district court be affirmed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.