FEWELL v. KINSELLA.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 17, 1912. On Motion for Rehearing, Feb. 28, 1912.)

1. TRESPASS TO TRY TITLE (§ 38*)—EVIDENCE —BURDEN OF PROOF.

A defendant in trespass to try title, who disclaims title to a part, and who claims title to a part, is entitled to judgment for the land not disclaimed, unless plaintiff affirmatively shows title, though defendant filed a cross-action, setting forth his ownership and possession for 20 years, and alleging that plaintiff had interfered with his rights, and asking judgment for damages.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

2. DEEDS (§ 112*)—PROPERTY CONVEYED—RECITALS IN OTHER DEEDS.

A grantee in a deed which conveyed 31 feet off the west part of a lot does not acquire title to an additional part of the lot by mere recitals in a subsequent deed by the grantor to a third person of the part of the lot adjacent to the part conveyed to him.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 112.*]

3. PARTY WALLS (§ 4*)—CREATION AND EXISTENCE—AGREEMENTS.

Where a grantor conveyed to a grantee 31 feet off the west part of a lot, and then conveyed to another grantee the part of the lot adjacent thereto, and the latter deed described the land conveyed thereby as running to a wall constituting a party wall, one foot of which was on the part conveyed, and reciting that a half of the cost of the wall had been paid by the grantee in the first deed, the recitals in the second deed evidenced an agreement for the erection of a party wall, but did not show that the party wall was on the common line.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 5–10; Dec. Dig. § 4.*]

4. PARTY WALLS (§ 8*)—LOCATION.

A party wall may be on the property of one of the owners, and the right of each adjoining owner to the use of a party wall, erected for the use of both, is to the use of the wall and to an easement of the other's ground for the purposes of the wall.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 24–41; Dec. Dig. § 8.*]

5. BOUNDARIES (§ 37*) — EVIDENCE — PARTY WALLS.

Evidence that a wall was constructed by adjoining owners as a party wall, unaccompanied by evidence of an agreement between them as to the division line, is not sufficient to change the true boundary line.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 37.*]

6. PARTY WALLS (§ 5*) — DESTRUCTION — EFFECT.

Where a party wall is destroyed, the easement is at an end, in the absence of a contract for rebuilding it.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 11–13; Dec. Dig. § 5.*]

7. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT —REQUISITES.

A plaintiff in trespass to try title may not complain of a judgment which gave him more land than his deed called for, and which denied defendant any relief on his cross-pleading, but which gave defendant a part of the land plaintiff did not recover.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

8. ADVERSE POSSESSION (§ 60*)—RIGHTS AND LIABILITIES OF ADJOINING OWNERS—USE OF PARTY WALL.

The joint use of a party wall is not an adverse use by one of the parties of the land of the other.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 282–314; Dec. Dig. § 60.*]

9. TRESPASS TO TRY TITLE (§ 50*)—JUDGMENT —COSTS.

Where, in trespass to try title, defendant disclaimed as to part of the land, but defended as to part, and plaintiff recovered part of the land in controversy, it was error to adjudge the costs against him.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 80, 81; Dec. Dig. § 50.*]

On Motion for Rehearing.

10. PARTY WALLS (§ 8*)—RIGHTS OF PARTIES —MISTAKE.

Where a party wall was placed under a mistake of the adjoining owners as to the location of the dividing line, the existence and use of the wall as a party wall did not change their rights in the land on which the wall stood.

[Ed. Note.—For other cases, see Party Walls, Dec. Dig. § 8.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court April 3, 1912.

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by W. J. Fewell against Simon Kinsella. From a judgment granting insufficient relief, plaintiff appears. Reformed and affirmed.

Patterson, Buckler & Woodson, for appellant. Waters Davis and J. M. Goggin, for appellee.

JAMES, C. J. The amended petition of W. J. Fewell set forth, first, the ordinary allegation in trespass to try title, claiming a strip of ground beginning at a point on the northerly line of San Antonio street, in the city of El Paso, 31 feet easterly from the corner of San Antonio and El Paso streets; thence running northerly 86⅔ feet to the south line of lot 34 in block 6, according to Anson Mills' map of El Paso, said point on the south line of said lot 34 being 31 feet from the east line of El Paso street; thence running easterly with the south line of said lot 34$\frac{1}{32}$ feet; and thence running southerly 86⅔ feet in a direct line to a point on the north line of San Antonio street and on the south line of lot 35 in block 6, 31.845 feet easterly from the southwest corner of said lot 35; and thence running westerly with the north line of San Antonio street .845 of a foot to the place of beginning; said strip having an average width of 1.005 feet. And by a second count he alleged that he owned said lot of 31 feet (describing same) and has been in possession of same more than 28 years, and in addition thereto he is the owner of the adjoining strip above described; that Kinsella owns adjoining said strip on the east; that for more than 28 years, and until within a short time prior to filing of the original petition herein, there has existed an adobe wall, about two feet thick, one half thereof being on plaintiff's land described in the first count, and the other half of said adobe wall being on Kinsella's land immediately east of said strip; that plaintiff has had upon his land a storehouse, and has been using as a part of his building and property the westerly half of said wall and the land upon which it was erected for more than 28 years; that a short time before filing his original petition he tore down his building, with the knowledge and consent of defendant, in order to erect another, and said wall becoming dangerous it was, under the orders of the city, or at its request, by defendant, or with his knowledge and consent, torn down; that it was plaintiff's purpose to erect another party wall, run the line where the old wall stood, but that Kinsella refused to allow him to do so, but, over plaintiff's protest, and within a few weeks prior to the filing of plaintiff's petition, erected a brick wall, about 12 inches in thickness, beginning on San Antonio street and running back for the depth of plaintiff's property, and instead of putting said brick

wall on his own ground, or on the line of said adobe wall, erected it entirely on the ground of plaintiff, over plaintiff's protest, and at the time of filing the original petition said brick wall was finished and standing entirely on plaintiff's ground, and belongs to plaintiff; that when his petition was filed plaintiff was about through erecting a building on his ground, and was preparing to connect his building with said brick wall, and Kinsella objected, and still objects, to his so using the wall, and notified plaintiff's agents, contractors, and employés not to connect any portion of the building to said wall, and not to plaster the wall, and to make no use of same, and has prevented, and is threatening to prevent by force, any such use of the wall, etc., to plaintiff's irreparable injury, etc., and prayed that the temporary injunction granted in this cause be made perpetual; and that on final hearing he have judgment, recovering from defendant the title and possession of said strip lying immediately east of said lot of 31 feet by 86⅔ feet described in the second count, and for general relief.

In addition to the above, plaintiff claimed title to the said strip .845 of a foot on San Antonio street and 1.32 feet in width at the northerly end, and lying east of said 31 feet, by the 10-year statute of limitations, and finally prayed for judgment for said strip, as well as for the 31 feet.

Kinsella pleaded not guilty, and, in substance, that he had been in possession and exclusive use of said adobe wall, the same constituting part of his building and the ground upon which it was located, for more than 20 years before the institution of this suit, and set up the 3, 5, and 10 year statutes as to the strip sued for, and disclaiming as to the 31 feet west of the strip; that the adobe wall was situated upon the strip sued for, and was a part of and constituted the east wall of a store building owned by defendant; that he was required by the city of El Paso to tear it down as unsafe, and in legal compliance therewith he tore it down and immediately erected in its stead a new brick wall, situated on the strip sued for, in the use and enjoyment of which plaintiff was interfering with defendant; that said strip was a part of the land belonging to him, and that plaintiff had no title or interest therein, nor in the new wall erected by defendant, which was entirely on defendant's land; and defendant, after setting up that after plaintiff had procured an injunction against him plaintiff tore away defendant's roof and connected his building with said brick wall, prayed that the injunction be dissolved, and plaintiff be restrained from interfering with defendant's use of the same, and he asked also for damages.

After hearing the testimony, the court directed the jury to find for plaintiff practically all the land sued for lying west of the old wall as it stood between the two build-

ings, describing same as follows: Beginning at the southwest corner of lot 35 in block 6, according to the Anson Mills' map of El Paso, at the intersection of the north line of San Antonio street and east line of El Paso street; thence northerly along the east line of El Paso street 86⅔ feet to the south line of lot 34 in said block; thence at right angles easterly along said south line of lot 34, 31.3 feet; thence southerly in direct line 86⅔ feet to a point in north line of San Antonio street, which point is 31 feet east from the beginning point; and thence westerly along the north line of San Antonio street 31 feet to the place of beginning. And directed the jury to find for defendant the balance of the land in controversy and sued for in the petition, and to find that plaintiff had no easement in the brick wall, and that plaintiff take nothing by this claim for damages, and to find against defendant on his claim for damages. The verdict was returned accordingly.

[1] The first assignment of error is that the court erred in instructing a verdict against plaintiff for the balance of the land described in the petition, after they should find for plaintiff for the 31 feet fronting on San Antonio street by 82⅔ on the east line of El Paso street, and extending on the north 31.3 feet.

Appellant's propositions are to this effect: (1) That there was no evidence that appellee had any record title to the parcel in dispute, but the undisputed evidence showed the contrary; (2) that the evidence does not show that defendant had title to said parcel by adverse possession under the statute of limitations, but the evidence shows he never had such possession; and (3) that the evidence shows that the land lying west of a line one foot west of the east line of said adobe wall was recognized by the original owner of all the land as being the property of Hannah Metzler at the time said adobe wall was built, and that all persons interested for a much longer period than 10 years acquiesced in the fact that the strip now in dispute was originally the property of Hannah Metzler, and that the west half of the adobe wall was built upon the strip in dispute as the property of Hannah Metzler from whom Fewell bought, and that said wall and land upon which it stood belonged to her before she sold said property to Fewell, and that said property was occupied, used, and claimed by Hannah Metzler and by Fewell adversely for more than 10 years, and that plaintiff had title to the land, and the evidence does not show conclusively, or at all, that defendant has any title to any part of the land sued for.

[2] It was not necessary that defendant should have shown title to the land in dispute. It is elementary that defendant was entitled to judgment for all the land not disclaimed, unless plaintiff affirmatively showed title thereto. The question we shall consider under this assignment is: Did the evidence disclose title in plaintiff to any of the strip in controversy awarded to defendant, either by paper title or by estoppel or limitations?

Plaintiff's paper title was as follows: Deed from Allen Blacker and wife to Hannah Metzler, dated December 13, 1880, conveying 31 feet off the west part of lot 35, block 6, Mills' map and described same as beginning at corner of El Paso and San Antonio streets, fronting 86½ feet on El Paso street, to the lot of O'Bannon and Crosby; thence east with line of said lot 31 feet; thence south 86½ feet to San Antonio street, and fronting on last-named street 31 feet, to the place of beginning. Deed from Hannah Metzler to W. J. Fewell, dated May 23, 1881, conveying same parcel, referring to the above deed, beginning at the corner of San Antonio and El Paso streets, Mills' map; thence east along El Paso street 86½ feet to south line of lot 34; thence along line of said lot 34, 31 feet; thence parallel with El Paso street 86½ feet to north boundary line of San Antonio street; thence with San Antonio street to beginning.

Plaintiff introduced a deed from Blacker and wife to Catherine Davis, dated December 1, 1881, which conveyed land by the following description: "Being part of lot No. 35 in block No. 6, according to the map of Anson Mills, published in 1859, and being 17 feet fronting on San Antonio street and running back 86' 8" to an adobe wall, and lying adjoining to the property now owned by us and now occupied as a law office by A. Blacker, and property heretofore conveyed by us to Hannah Metzler on the ———— day of December, 1880, more particularly described as follows: Beginning at a point 30 feet from the S. W. corner of said lot 35 on the corner of San Antonio and El Paso streets; hence running in an easterly direction 17 feet along the north line of San Antonio street to a wall, being the western wall of the room now occupied by A. Blacker as a law office, but not to include any part of said wall; thence in a northerly direction along the outside line of said wall and through said lot parallel with El Paso street 86' 8" to an adobe wall, the back line of said lot No. 35; thence in a westerly direction parallel with the said north line of San Antonio street along said wall 17 feet to the parcel heretofore sold and conveyed, as aforesaid, to Hannah Metzler; thence in a southerly direction 86' 8" parallel with El Paso street to the north line of San Antonio street, the place of beginning, so as to include one foot of said wall between said property heretofore sold and conveyed to Hannah Metzler by us, said wall being a party wall, one foot of which is on the parcel herein conveyed, and one-half of the cost of building said wall having been paid by the said Martha P. Blacker, and one-half

having been paid for by said Hannah Metzler," etc.

Plaintiff introduced a deed from Catherine Davis to J. T. Barton, dated September 13, 1882, conveying land by the same description as in the next foregoing deed, and also a strip of 9 inches adjoining the above on the east. It appears from the evidence that Mrs. Davis had acquired the property to the east.

Plaintiff introduced, also, a deed from J. T. Barton to Simon Kinsella, dated October 28, 1885, describing land: Beginning at a point 31 feet from the southwest corner of lot 35 on corner of San Antonio and El Paso streets; thence running in an easterly direction 19 feet along the north line of San Antonio street; thence in a northerly direction parallel with El Paso street 86 feet 8 inches to the back line of lot 35; thence in a westerly direction parallel with the north line of San Antonio street 19 feet; thence in a southerly direction 86 feet 8 inches parallel with El Paso street to the north line of San Antonio street, the place of beginning. Barton owned at the time more than 19 feet on San Antonio street.

The deeds from Blacker to Catherine Davis, and from Catherine Davis to Barton, and from Barton to Kinsella, were introduced in evidence, also, by the defendant. We annex a sketch, by Eubanks, of the premises admitted to be true and correct.

The chief contention of appellant is that the two deeds in defendant's title from Blacker and wife to Catherine Davis, and from the latter to Barton, showed that he obtained no title to the land in dispute, and that the west boundary of the land defendant acquired from Barton went no further than to include one-half of the adobe wall.

The deed to Catherine Davis and the deed to Barton described the west boundary of the land conveyed as 30 feet from the corner of El Paso and San Antonio streets, giving specific metes and bounds, and both recite, "so as to include one foot of said wall between said property heretofore sold and conveyed to Hannah Metzler by us, said wall being a party wall, one foot of which is on the parcel herein conveyed, and one-half of the cost of building said wall having been paid by said Martha P. Blacker, and one-half having been paid by said Hannah Metzler."

The undisputed testimony showed that the call in said deeds of 30 feet from said corner was a mistake, as Blacker and wife had conveyed to Hannah Metzler 31 feet on San Antonio street from the corner, and the undisputed testimony showed that the line 31 feet from said corner included none of the wall or strip in controversy, except, perhaps, a narrow triangle, indicated on the map, which was included in that for which plaintiff was given judgment.

A question is: Did the said recitals in said two deeds, in connection with what was said about the adobe party wall, have the effect of extending plaintiff's title beyond what his deeds conveyed, which was to a line 31 feet from El Paso street?

We are of opinion that they did not. The deeds were between other parties, and as conveyances operated only as between these other parties. If those deeds are construed as conveying the ground up to Mrs. Metzler's east boundary, or if they are construed as conveying only up to the middle of the adobe wall, in either case, there was no conveyance by them of any ground by Blacker or Catherine Davis to Hannah Metzler. If these deeds are so construed as to convey land up to and including the east half of said wall, the space between such middle line and Mrs. Metzler's east line would have been land not conveyed to any one, and certainly not to Hannah Metzler.

If the deed to Hannah Metzler by Blacker and wife embodied a mistake as to the position of the east boundary being 31 feet from the corner where such deed described it to be, as also the deed from her to Fewell, and said boundary should, by accident or mistake, have been described in said deeds so as to extend to where they would take in half the adobe wall, they might have, in a proper proceeding and at the proper time, have been reformed; but no such proceeding has been had, and none attempted by the pleadings in this case. Hence it follows, we think, that plaintiff is confined, as to a conveyance of land to him, to what his deeds describe.

[3] We think, however, that the recitations in said two deeds in defendant's chain of title are evidence that the adobe wall was erected as a party wall between the two properties, and was built and paid for by Hannah Metzler and Mrs. Blacker, and that both parties had the right to have it remain and to use it as such for the support of their adjoining buildings, so long as it endured. The deeds evidenced an agreement between Blacker and wife and Hannah Metzler that the same should be a party wall between their properties; but the agreement evidenced by said deeds related only to such wall as a party wall between the properties. They said nothing about where the common line was, and the only just inference that can be made from the statement in these deeds that one-half of the wall was upon the property conveyed to Mrs. Davis and to Barton is that the parties to those deeds thought the true dividing line was through the center of the wall. That this was a mistake, and that the wall was practically all on Blacker's land, is distinctly shown.

The true line between the property of Blacker and wife and what had been conveyed by them to Hannah Metzler was practically along the west side of the adobe wall. It is easy to understand how such a mis-

taken impression could have arisen, and the wall built where it was, at a time when the value of a foot of the ground probably was a thing hardly to be considered. At any rate, there was nothing in said two deeds which amounted to evidence of an agreement concerning the line, but only as to the wall.

[4] A party wall need not necessarily be upon both sides of the division line equally, and it may be, as it was practically in this instance, altogether upon the property of one of the owners. The right of each adjoining owner to the use of a party wall erected for the use of both is to the use of the wall and to an easement of the other's ground for the purposes of the wall. As stated in Hoffman v. Kuhn, 57 Miss. 746, 34 Am. Rep. 491, the adjoining owners are not joint owners or tenants in common of the party wall. Each is possessed in severalty of his own soil up to the dividing line and of that portion of the wall which rests upon it; but the soil of each, with the wall belonging to him, is burdened with an easement or servitude in favor of the other, to the end that it may afford a support to the wall and buildings of such other.

[5] Evidence, therefore, that a wall was constructed by adjoining owners as a party wall, without evidence of an agreement between them as to the division line, is not sufficient to change the true boundary line. Houghton v. Mendenhall, 50 Minn. 40, 52 N. W. 270. Not affording plaintiff a basis for claiming any further than his deed admits, he has failed to show title, and cannot recover beyond his deeds. And it makes no difference if either or both of the parties may have supposed, when the wall was built, that it was directly over the line, when in fact it was not. We therefore conclude that the most the evidence disclosed was that this adobe wall was a party wall; that each adjoining owner had the right to its use as such, so long as it existed or was maintained; but that its construction, existence, and use did not have the effect of disturbing the title of the then owners to the land under or adjacent to it.

[6] It was conclusively shown that plaintiff tore down his building preparatory to erecting a new one. He testified: "After I pulled down my building, I complained to the city council that that adobe wall was dangerous and a menace, and then the city council took action and required the pulling down of that wall." Kinsella testified: "The city council had condemned the wall and notified me to remove it in 15 days, or they would take charge and remove it for me." Kinsella was ordered and required under the ordinance and order of the city authorities to remove the wall, and he complied, and then built the one-foot brick wall above mentioned, which was entirely and indisputably not on plaintiff's property. The evidence is plain that Fewell wanted the wall removed. Plaintiff's right to use the new brick wall as a party wall is not supported by any title that he has shown to the ground under it. Nor has he any right to the use of this wall upon the theory that it was built upon part of the space occupied by the former adobe wall, for the reason that when the adobe wall was demolished in the manner just described by condemnation action of the authorities, and on the complaint of plaintiff, as unsafe, it passed out of existence, and there was no longer a party wall there for any purpose. If a party wall is destroyed by fire, lapse of time, or otherwise, in the absence of a contract for rebuilding it, the easement is at an end. Hawkes v. Hoffman, 56 Wash. 120, 105 Pac. 159, 24 L. R. A. (N. S.) 1038, and cases there cited; Pierce v. Dyer, 109 Mass. 374, 12 Am. Rep. 716; Odd Fellows Hall Ass'n v. Hegele, 24 Or. 16, 32 Pac. 679; Bowhay v. Richards, 81 Neb. 764, 116 N. W. 677, 19 L. R. A. (N. S.) 883; Freeman on Cotenancy and Partition, § 256.

We should mention the fact that defendant, after pleading not guilty and the statutes of limitations and improvements in good faith (consisting of the brick wall), etc., pleaded, in the form of cross-action, that for 20 years he had been the owner and in possession of the ground lying east of a line 31 feet east of El Paso street, and running thence east 19 feet (which included the strip in controversy), upon the west line of which the adobe wall stood, which was the west wall of plaintiff's storehouse; that said adobe wall was removed by order of the city council, as aforesaid; that defendant then built the new brick wall wholly on his own premises and connected his roof with it; that at the time the building of plaintiff had been removed and his lot was vacant; that said brick wall was solely the property of defendant, and plaintiff had no interest therein, but he had interfered and was interfering with and damaging said brick wall, and rendering defendant's building, occupied by tenants, uninhabitable, etc., to defendant's damage in the sum of $1,000, for which he asked judgment. And by another count, upon similar allegations of injury and threatened interference and injury to said brick wall, he asked that plaintiff be restrained from all such acts.

[7] We think there was nothing in this character of affirmative pleading which affected the rule that plaintiff had to affirmatively show title to the land in order to recover. And we think, also, that upon the whole of the testimony plaintiff has no just cause to complain of the judgment The judgment gave him more land than his deeds called for, and denied defendant any relief on his cross-pleadings. Plaintiff cannot complain that defendant was given judgment for that part of the land plaintiff did not recover.

Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427.

[8] Upon the claim of plaintiff of title by limitations, we are unable to comprehend how the joint use of a party wall, involving, as it does, the right of use by either owner of the other's land for the purposes of sustaining the wall, is an adverse use of the other's land. The wall was erected in the '80's by both the then adjoining owners for their mutual convenience as a party wall, and up to the time plaintiff tore away his building it was so used. Plaintiff gave the following testimony: "My idea is that I learned there was more than 31 feet to the center of that wall some 10 or 12 years ago. I never knew it was more than 31 feet until I had it surveyed. I claimed a half interest in that wall always. I say I think it was 10 or 12 years ago that I first learned I had more than 31 feet, and had an interest in that wall. I never had any occasion to assert my title, or claim any part of the adobe wall or the land under it, until I got into this controversy with Mr. Kinsella. I think it was 10 or 12 years ago that Mr. Kinsella told me he claimed 19 feet there, including the property under that wall. I knew he was claiming 19 feet and rendered it, and paying taxes on it. I knew he had so rendered it. I knew, also, that I was rendering 31 feet and only claiming 31 feet. I have leased that property I own there during the time since I purchased it. I guess when I leased the property to George Ogden in 1890 [evidently meaning 1900, as lease shows] for five years I only leased him 31 feet. That lease described the property as the west 31 feet of lot 35, block 6, in El Paso, together with the buildings, houses, and improvements thereon. In 1905 I leased the property, commencing January 1, 1906, and ending December 31, 1910, to Jim Broyles, and it was therein described as 'the westerly 31 feet of lot 35 in block 6, city of El Paso, according to the map of said city by Anson Mills.'" We conclude that plaintiff did not acquire any of the land east of his 31 feet by adverse claim or possession.

[9] There is an assignment complaining of the judgment, in that it adjudges the costs against appellant. This matter was raised in the trial court. The reasons for so adjudging the costs are not in the record. Defendant disclaimed as to part of the land sued for, but defended as to part, and plaintiff recovered part of what was left in controversy. Under these circumstances, it was error to adjudge the costs against appellant, and in this respect the judgment will be reformed. Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026; Perry v. Rogers, 52 Tex. Civ. App. 594, 114 S. W. 897.

Judgment reformed as to costs, and affirmed.

EXHIBIT "P."

San Antonio St.

## On Motion for Rehearing.

[10] In view of the supplemental motion for rehearing, we may call attention to the fact that the deed from Blacker and wife to Catherine Davis described the property conveyed as adjoining the property theretofore conveyed by them to Hannah Metzler on the ————day of December, 1880, and, after describing the property as extending "to the parcel heretofore sold and conveyed, as aforesaid, to Hannah Metzler," it adds, "so as to include one foot of said wall between the said property heretofore sold and conveyed to Hannah Metzler by us, said wall being a party wall, one foot of which is on the parcel herein conveyed, and one-half of the cost of building said wall having been paid by the said Martha P. Blacker, and one-half having been paid by the said Hannah Metzler." It is upon this deed that appellant founds his claim to the land up to the middle of the party wall, contending that it must be presumed from the fact that it states that one-half of the wall was upon the property conveyed; that by some conveyance, oral or otherwise, appellant had in

the meantime obtained title to the extra foot from Blacker and wife.

The deed to Catherine Davis was intended to convey, as it states, all the land up to the land conveyed to Hannah Metzler by the deed of December, 1880. The reference to this particular deed is inconsistent with the presumption that Hannah Metzler had any other conveyance from Blacker and wife, extending her boundary beyond the 31 feet. The only foundation for such a claim is the fact, evidenced by said deed, that Blacker and wife and Hannah Metzler, in the meantime, had erected the party wall, each paying half the cost thereof, which party wall was in fact placed just over the line and practically all upon Blacker's property. It seems to us that, in the absence of any conveyance of the additional foot to Mrs. Metz'ler, and in view of the fact that the deed to Mrs. Davis describes all the property up to what had been deeded to Hannah Metzler by the deed of December, 1880, and the fact that Hannah Metzler only sold the property to appellant as 31 feet, and referring to her deed from Blacker and wife, conveying 31 feet, the only reasonable theory is that the party wall was placed where it was under a mistake of the adjoining owners as to the position of the dividing line between the properties. Under such circumstances, the existence and use of the wall as a common or party wall would not change the rights of the parties in the land on which the wall stood. Nor was there anything in the evidence to have warranted a finding that Fewell, who was plaintiff in the case, ever acquired title to the extra foot of land claimed by him.

The motion is overruled.