**K.D. GRIFFIN, Appellant,**

v.

**Mark DUQUE and Patricia Duque, Appellees.**

**No. 11–02–00061–CV.**

Court of Appeals of Texas,
Eastland.

Oct. 24, 2002.

Shane Deel, Abilene, for appellant.

Dan Fergus Jr., Fergus & Fergus, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

## Opinion

BOB DICKENSON, Senior Justice (assigned).

K.D. Griffin, owner of record title to Lot 19, sued Mark Duque and Patricia Duque, owners of Lot 18, for trespass when they rebuilt a building with part of the building on his property. Appellees filed their answer and counterclaim, pleading several statutes of limitation.[1] Appellant's predecessor in title owned a building on Lot 19 which was slightly north of the common boundary line, and appellees' predecessor in title owned a building on Lot 18 which had a common wall with appellant's building. The dispute involves title and possession of this narrow strip of land. The trial court granted appellees' motion for summary judgment that appellant "take nothing" on his claim for trespass; the trial court also ruled that all "other relief requested and not expressly granted is denied." The effect of this ruling was to deny appellant's claim of trespass and to deny appellees' claim to title by adverse possession. Appellant appeals. We reverse and remand.

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

*Issue Presented for Appellate Review*

Appellant presents only one point of error. He argues that the trial court erred in granting appellees' motion for summary judgment because "there are genuine issues of material facts which are contested."

*Factual Background*

Appellees' motion for summary judgment is supported by several affidavits. The first affidavit is from appellees' grantor who swears that he purchased Lot 18 in November of 1997, that he was going to "rebuild the building" which was located on that property, that the Northern wall of his building "had a building attached," that it appeared that the buildings had been attached "for many years," that he tore down parts of his building, and that no one ever disputed the fact that he owned the property up to the wall of the building which is now owned by appellant.

The second affidavit is from a surveyor who authenticated his survey of the disputed strip of land. The survey shows an encroachment on appellant's lot of 0.10 foot on one end of the strip and 2.3 feet on the other end. The strip of land is 140 feet long, and it contains approximately 168 square feet out of the south part of Lot 19.

The third affidavit is from Rosa Hass who identified a picture of the two buildings and said that the wall between the two buildings had been in the same place for "more than thirty (30) years."

The fourth affidavit is from Elsa Bains who said that her grandfather had owned the building which is located on appellant's lot, that she had lived in that building from

1. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003, 16.004, 16.024, 16.025, 16.026, 16.027, & 16.030 (Vernon 1986 & Supp. 2002).

1940 to 1952, and that her mother had lived in that building until her death in 1972. Bains states in her affidavit that the northern wall of the building on appellees' lot had been in "the same place where it is today since I can remember which is more than forty (40) years" and that the "wall has continued to be the boundary between the two buildings" for more than 40 years.

The fifth affidavit is from appellees. They state that they purchased Lot 18 in May of 1998. Appellees attached to their affidavit copies of their title insurance policy and the deeds under which they acquired title to Lot 18.

Appellant urges in his response to the motion for summary judgment that there are "genuine issues of material fact" regarding appellees' claim of title by adverse possession. Appellant points out that the deeds attached to the motion for summary judgment refer to Lot 18 and that the disputed land is in Lot 19. We note that the title insurance policy insures Lot 18 and that "boundary lines, or encroachments or protrusions" are exceptions from its coverage.

Appellant's affidavit is attached to his response, and it reads in relevant part as shown:

> I am the owner in fee simple of the entirety of Lot 19.... The Defendants in this case have trespassed upon said Lot 19. The trespass protrudes further than the strip of land claimed to be adversely possessed by the Defendants. I gave notice to Defendants that I claimed all of Lot 19 before said trespass occurred. The building which occupied Lot 18 was torn down. A new structure was erected and attached to my property on Lot 19 without my permission.

### Controlling Law

Summary judgment under TEX. R.CIV.P. 166a is proper when there is "no genuine issue as to any material fact." Appellant's response to the motion for summary judgment raises an issue as to whether the mistaken location of the common wall and its subsequent use was sufficient to change the boundary between the two lots.

Appellant cites the early case of *Fewell v. Kinsella*, 144 S.W. 1174, 1178 (Tex.Civ. App.-San Antonio 1912, writ ref'd), where the court said:

> A party wall need not necessarily be upon both sides of the division line equally, and it may be ... altogether upon the property of one of the owners. The right of each adjoining owner to the use of a party wall erected for the use of both is to the use of the wall and to an easement of the other's ground for the purposes of the wall.

> \* \* \*

> Evidence, therefore, that a wall was constructed by adjoining owners as a party wall, without evidence of an agreement between them as to the division line, *is not sufficient to change the true boundary line.* (Emphasis added)

Appellees cite several authorities in support of their claim to title by adverse possession; however, the trial court denied their counterclaim.

Appellees also cite 17 HERBERT S. KENDRICK & JOHN J. KENDRICK, JR., TEXAS TRANSACTION GUIDE § 75.41 (2001) which states that party walls *"may be created* by contract," that a prescriptive easement in a party wall *"may be acquired* by adverse possession," and that use of a party wall for a long period of time *"may raise a presumption* that the wall was originally meant to be a party wall." (Emphasis added) If there had been a conventional trial, the trial court could have found that the wall was origi-

nally meant to be a party wall. The summary judgment proof is not conclusive that appellees had the right to encroach upon appellant's lot and to attach their building to his building.

### This Court's Ruling

The judgment of the trial court is reversed, and the cause is remanded.