In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00096-CV
______________________________


CHRIS A. MOSER AND
WORTH L. MATTESON, III, Appellants
 
V.
 
TOMMY LEE BATCHELOR AND
GARLAND E. AMASON, Appellees


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 02C0829-005


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            This dispute concerns a tract of land containing approximately twelve acres that is a boundary
of property owned by the parties. Chris A. Moser and Worth L. Matteson, III (Moser)


 purchased
a piece of property in north Bowie County in 1988 from the United States government.


 Moser took
the land through a deed without warranty, which expressly stated the conveyance was made without
warranties or representations regarding title to the land.
            In 2001, Tommy Lee Batchelor and Garland E. Amason (Batchelor) purchased the property
north of the Moser property. Batchelor took the property through a deed with warranty from several
persons known collectively as the Porters. Incident to the purchase, Batchelor commissioned a
survey, which indicated that the western boundary of the property (which was Moser's eastern
boundary) was slightly farther to the west than the fence line. According to affidavits of Moser,
Matteson, William Farris, and Edwin Calvit, they believed the fence established the property line.
            Moser sued Batchelor, alleging both that Moser owned the disputed tract in fee simple, and
alternatively, that Moser owned the tract through adverse possession. Batchelor moved for summary
judgment, and Moser filed a counterclaim for summary judgment, alleging he had established the
necessary elements of adverse possession as a matter of law and was entitled to judgment. The trial
court issued a partial summary judgment, granting Batchelor's motion and denying Moser's. This
judgment was eventually made final.
            On appeal, Moser asserts: 1) the trial court erred in granting summary judgment as to legal
title; 2) the trial court erred in granting Batchelor's motion for summary judgment on the issue of
adverse possession; and 3) the trial court erred in denying Moser's motion for summary judgment
with regard to his claim of adverse possession. Finding genuine issues of material fact exist on the
issues of legal title and adverse possession, we reverse the trial court's ruling and remand to the trial
court for further proceedings consistent with this opinion.   The evidence presented to the trial court
included affidavits, a survey, and a diagram. Specifically, Moser's summary judgment response
included affidavits from Moser and Matteson, as well as Farris; a diagram of the two properties and
the portion in dispute; and the deed without warranty through which Moser acquired his land. 
Batchelor presented a survey and the affidavit of Calvin Porter. 
Issue of Material Fact Regarding Legal Title
            When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. 
Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc.
v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal, the movant must show there is no material
fact issue and that the movant is entitled to judgment as a matter of law. McNamara, 71 S.W.3d at
311; Steel, 997 S.W.2d at 223. 
            Summary judgment is proper when the movant establishes that there is no genuine issue of
material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979); Baubles & Beads v. Louis
Vuitton, S.A., 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ). The question on appeal is
not whether the summary judgment proof raises a fact issue with reference to the essential elements
of the plaintiff's cause of action, but whether the summary judgment proof establishes that the
movant is entitled to summary judgment as a matter of law. Gonzalez v. Mission Am. Ins. Co., 795
S.W.2d 734, 736 (Tex. 1990). Because the movant bears the burden of proof, all conflicts in the
evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to
the genuine issue of material fact are resolved in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546 (Tex. 1985). 
            Batchelor presented a survey, which he contended accurately described the legal bounds of
his property. The survey shows a barbed-wire fence parallel to the western border of Batchelor's
property. Based on diagrams of the parties and statements and descriptions in their briefs, pleadings,
and arguments presented before the trial court, it appears this barbed-wire fence represents the
disputed property line. Moser presented a diagram of the area, which appears to coincide with the
survey provided by Batchelor. Moser's and Matteson's affidavits assert, among other things,
unequivocally, "[i]n fact, the legal property does follow the existing fence line." The affidavit of
Farris, a predecessor in interest of Moser, states that the fence line was treated as the property line
by owners on both sides during the period of 1968–2001. Calvit's affidavit similarly states that the
fence was the division of properties.
            At the hearing on summary judgment, counsel for Moser focused his argument on the adverse
possession issue. However, Moser contends he marshaled enough proof to establish a genuine issue
of material fact on the issue of legal title. We agree. 
            Moser's and Matteson's affidavits specify that "[i]n fact, the legal property does follow the
existing fence line." Batchelor urges that this statement is a legal conclusion and therefore cannot
be considered. Legal conclusions do not suffice as summary judgment evidence. Beta Supply, Inc.
v. G.E.A. Power Cooling Sys., Inc., 748 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1988, writ
denied). However, it is error to exclude affidavits containing logical conclusions based on stated
underlying facts. Cf. Johnson v. Bethesda Lutheran Homes and Servs., 935 S.W.2d 235, 239 (Tex.
App.—Houston [1st Dist.] 1996, writ denied) (Hedges, J., concurring). While an unpublished
opinion is not precedent, we find as persuasive the Austin Court of Appeals' holding that a
landowner may testify that "the fence is completely on our property." Staley v. City of Meadowlakes,
No. 03-99-00338-CV, 2000 Tex. App. LEXIS 4926, at *4 (Tex. App.—Austin July 27, 2000, no
pet.) (not designated for publication). We find the affidavit evidence admissible. 
            At issue is not the relative strength of Moser's evidence, but whether, when construed in his
favor, a genuine issue of fact on the issue (here, of legal title) has been joined. We find that the
affidavits, deed (albeit without warranty), and diagram that Moser attached to his response to
Batchelor's motion for summary judgment, when taken as true, evidence a genuine issue of material
fact. Cf. Griffin v. Duque, 93 S.W.3d 513, 515 (Tex. App.—Eastland 2002, no pet.) (summary
judgment reversed where nonmovant had supplied affidavit which alleged facts regarding history
of the property and buildings and nonmovant's claim to land raised genuine issue of material fact). 
Moser's first point of error is sustained.
Adverse Possession
            In points two and three, Moser asserts the trial court erred in granting Batchelor's motion for
summary judgment, and in denying Moser's summary judgment motion which asserted that he had
proved his case of adverse possession and was entitled to judgment as a matter of law. We address
these points together.
            To prove his case for adverse possession, Moser must prove 1) a visible appropriation and
possession of the land, sufficient to give notice to the record title holder, which is 2) peaceable;
3) under a claim of right hostile to the title holder's claim, 4) that continues for the duration specified
in the applicable statute (Moser's initial pleading asserted he had adversely possessed the property
for ten and twenty-five years; alternatively, he abandoned his claim to the twenty-five-year
possession at the hearing before the trial court and in subsequent pleadings). See Calfee v. Duke, 544
S.W.2d 640, 642 (Tex. 1976); Sarandos v. Blanton, 25 S.W.3d 811, 815 (Tex. App.—Waco 2000,
pet. denied). To establish title through adverse possession, the possession must unmistakably assert
a claim of exclusive ownership in the occupant. Perkins v. McGehee, 133 S.W.3d 287, 293 (Tex.
App.—Fort Worth 2004, no pet.) (asserting title under ten-year adverse possession statute). 
            Most troublesome for Moser is the fact that he leased the property, now owned by Batchelor,
from Batchelor's predecessor in interest, the Porters. The affidavits of Moser and Matteson
acknowledge that they had leased "the neighboring Porter property" (subsequently purchased by
Batchelor) beginning in 1980 and continuing until 1998. Batchelor's motion for summary judgment
includes evidence of the lease ending in 1998. "The possession of an adverse claimant must be
exclusive of the true owner, and any joint or common possession by the claimant and the owner
defeats the requisite quality of exclusiveness." W. End API, Ltd. v. Rothpletz, 732 S.W.2d 371, 375
(Tex. App.—Dallas 1987, writ ref'd n.r.e.). In Louisiana Pacific Corp. v. Holmes, 94 S.W.3d 834
(Tex. App.—San Antonio 2002, pet. denied), a jury found for the adverse claimant. Holmes claimed
he had been hunting on and using the land in question and owned it through adverse possession. The
jury agreed; the court of appeals did not. It was very significant, in the court's analysis, that Holmes
had entered into a hunting lease with Louisiana Pacific. "Once the landlord-tenant relationship is
established, possession by the tenant will not be considered adverse to the owner until (1) there is
repudiation of the relationship and the assertion of a claim of right adverse to the owner, and
(2) notice of such repudiation is given to the owner." Holmes, 94 S.W.3d at 839 (citations omitted). 
The court cited several other examples of Holmes' conduct which failed to demonstrate that Holmes
used the land, but not exclusively. Id. (such as planting gardens, running horses, maintaining a
fence, firing shots at the record owners engaged in logging activities, and "put[ting] people off that
didn't have any right to be there.") On the facts presented, Moser has not shown an adverse claim
to the tract during the time that he leased the property. 
            Nonetheless, Moser contends a predecessor in interest, Farris, adversely possessed the same
property from 1968 until 1980, and such possession resulted in a limitation title ripening in Farris,
which was ultimately conveyed to Moser. This case is factually similar to Dale v. Stringer, 570
S.W.2d 414 (Tex. App.—Texarkana 1978, writ ref'd n.r.e.). There, the adverse claimant, Stringer,
had possessed the property only nine years and could not ripen the adverse title by her own
possession. She then relied on the possession of a predecessor in title who had adversely possessed
the property from the 1930s to the 1950s. Id. at 417. The court found that a limitation title had
matured in the predecessor. When title by limitation has matured, there is no further place for
tacking, and the title so matured cannot be transferred orally, but can be conveyed only by an
instrument in writing. Id. at 418. The instrument must include the disputed tract in order to convey
the matured title.  Id. Likewise, Moser can only receive the matured limitation title through an
instrument in writing. According to the affidavits, Farris conveyed his interest in the property to the
F.H.A. in 1980. The F.H.A. conveyed its interest to Matteson and Moser in 1988. So the issue
before this Court is whether there is in the record a fact issue that Farris matured a limitation title
by his possession, which has now been conveyed to Moser. In support of this proposition, Moser
presented affidavits, including one from Farris. Farris purchased the property in 1968 and conveyed
it to the F.H.A. in 1980. Farris' affidavit refers to the Moser property as the "Littlejohn" tract and
states that the fence was treated as the property line from 1968 to 2001; that the owners of the Porter
property never used any of the land beyond the fence on the Littlejohn side for agriculture; and that
the entire portion (of the disputed tract) was peaceably used and enjoyed by the owners of the
Littlejohn property for agricultural purposes before 1968 until 2001. The owners of the Littlejohn
property cultivated and used all the land up to the fence line. Moser alleges the ten-year statute of
limitation ripened title in Farris. The statutory requirement for the ten-year statute of limitations is
that one must establish adverse possession showing peaceable and adverse possession by another
who "cultivates, uses, or enjoys the property." Tex. Civ. Prac. & Rem. Code Ann. § 16.026(a)
(Vernon 2002). These facts, if taken as true, at least create an issue on whether Farris ripened a
mature limitation title by adverse possession during the years 1968–1980 that was ultimately
conveyed to Moser.


 Based on this analysis, the trial court erred in granting Batchelor's motion for
summary judgment and properly denied Moser's motion. 
            We find there to be conflicting evidence regarding the boundaries of the parties' respective
properties here which create genuine issues of material fact on both the determination of legal title
and title by adverse possession. Accordingly, the trial court erred in granting summary judgment for
Batchelor. We affirm the trial court's judgment denying Moser's motion for summary judgment. 
Batchelor's summary judgment is reversed and remanded to the trial court for further proceedings
consistent with this opinion. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 27, 2005
Date Decided:             May 13, 2005