ZABOWSKI *v.* LOERCH.

1. CONSTITUTIONAL LAW—OWNER'S RIGHT TO POSSESSION OF LAND.
Owner of land has exclusive right to possession of it, and may not be deprived thereof without due process of law. State Const. Art. 2, § 16; Federal Const. 14th Am., § 1.

2. ADJOINING LANDOWNERS—INJUNCTION—MAINTENANCE OF BOUNDARY FENCE.
Theater owner, who has been using as exit land of adjoining owners in connection with his own, may not enjoin them from maintaining fence to prevent his using it, where he has obtained no prescriptive rights therein, although without such use his property is rendered useless for present purpose.

3. TRIAL—ADMISSION OBVIATES NECESSITY OF PROOF.
Where plaintiff stated in bill of complaint that he had removed fence erected by defendants, and also so testified, defendants were not called on to make further proof to justify decree requiring plaintiff to restore fence.

4. SAME—ADMISSION AS TO TITLE OBVIATES NECESSITY OF PROOF.
Opening statement by plaintiff's counsel that defendants owned certain strip of land involved relieved defendants from making proof of their title thereto.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 5, 1931. (Docket No. 120, Calendar No. 35,806.) Decided June 25, 1931.

Bill by Anthony Zabowski against Julia Happe Loerch and others to restrain obstruction of an easement of passage. Cross-bill by defendants to restrain plaintiff from interfering with cross-plaintiffs' peaceful possession of their property, to re-erect a fence, and for other relief. Decree for cross-plaintiffs. Plaintiff appeals. Affirmed.

*Duane H. Mosier,* for plaintiff.

*Ira F. Morgan* (*Ambrose A. Hudock* and *John L. Wallace,* of counsel), for defendants.

Sharpe, J. Plaintiff is the owner of a contract for the purchase of certain land fronting on Chene street in the city of Detroit, on which stands a one-story brick building used for theater purposes. He has been in possession thereof and has operated the theater, called the Savoy, since May, 1923.

The defendants own the land fronting on Chene street adjoining that of plaintiff on the south, on which stands a brick building. There is a passageway 7½ feet wide between these buildings, 3½ feet of which are included in plaintiff's contract and 4 feet of which belong to the defendants. It has for a number of years been used as a rear exit from the theater, to comply with the fire regulations of the city.

During the summer of 1928, trouble arose between the plaintiff and the defendants respecting the use of this passageway. It culminated in the defendants' erecting a fence on the north line of that part thereof owned by them, the effect of which deprives plaintiff of the use of the passageway as an exit of the theater as, under the regulations and the statute (2 Comp. Laws 1929, § 8871), such exit must be not

less than six feet in width. This fence was removed by the plaintiff.

In the bill of complaint herein the plaintiff alleges that he and his predecessors in title have acquired a prescriptive right to the use of that part of the passageway owned by defendants appurtenant to his premises, and seeks an injunction to restrain the defendants from obstructing the same. A decree was entered dismissing his bill, from which he has appealed.

With commendable frankness plaintiff's counsel in his brief says:

"It is only fair to the court to say that I have come to the conclusion that the plaintiff failed in his proofs to establish an easement by prescription over the passageway in question and therefore I have abandoned that branch of the case and accept the ruling made by the chancellor in that respect."

It is not claimed, or even suggested, that the fence in itself is a nuisance or in any way causes annoyance or damage to the plaintiff in the use of his property. Its only effect is to prevent the plaintiff from using that part of the passageway owned by the defendants. Unless the plaintiff has acquired a right to such use by prescription or otherwise, and it is conceded that he has not, a court of equity is helpless to aid him. While the defendants may not make such use of it, when not benefited thereby, as causes annoyance or damage to the plaintiff, they certainly have the right as a matter of law to prevent its use by another. An owner of real estate has the exclusive right to possession of it, and may not be deprived thereof without due process of law. State Constitution, art. 2, § 16; Constitution of the United States, 14th Am., § 1.

"A very important incident arising from the ownership of property is the right to defend the possession and to protect the property against the trespass of others." 22 R. C. L. p. 76.

It is now plaintiff's contention "that the acts of the defendants in placing obstructions in the passageway, were purely spiteful and malicious in character," and that "such conduct should not be countenanced by a court of equity." Stress is laid upon the investment made by plaintiff; that the operation of the theater is the only practical use to which his property may be put, and that "if the decree of the court is allowed to stand, his property will be confiscated and he will be forced to close." The proofs tend to support this claim, and it would be an appealing one to the conscience of the court, as it should be to the defendants, were we permitted by the law to force the defendants to suffer him to make use of this part of their land without any legal right thereto.

The cases relied on by plaintiff, the latest of which is *Krulikowski* v. *Tide Water Oil Sales Corp.,* 251 Mich. 684, all involved the right of a party to make such use of his property as he pleased "unless he intends thereby to injure his neighbor or acquire no advantage or benefit to himself." The question here presented is not that defendants are making an improper use of their land, but that they seek by the maintenance of the fence to prevent the plaintiff from using it.

In a cross-bill filed with their answer, defendants prayed that plaintiff be required to erect a fence at his own expense similar to that removed by him. The decree so provided. Plaintiff's counsel insists that, as no proof was offered by the defendants, this provision should not have been inserted in the de-

cree. The plaintiff in his bill of complaint stated that he had removed the fence constructed by defendants. He also so testified. The defendants were not called upon to make further proof of the fact. It clearly appears that it was placed upon the dividing line of the property.

It is also insisted that there was no sufficient proof that defendants are the owners of the adjoining property. The bill of complaint is predicated upon their ownership, and the relief sought by plaintiff was based thereon. In his opening statement to the court plaintiff's counsel said:

"About half of this passageway, three and a fraction feet, belong to the plaintiff, and about the same amount of property belong to the defendants, so that it made a passageway of about seven feet."

This statement certainly relieved the defendants from making proof of their title to the four-foot strip, if otherwise they would have been required to do so.

The decree is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.