KRULIKOWSKI v. TIDE WATER OIL SALES CORP.

1. JUDGMENT—RES JUDICATA—QUESTIONS TRIABLE ON TRANSFER TO LAW SIDE OF COURT.

Where, in suit to restrain maintenance of oil station as nuisance, injunction was denied, but plaintiff was permitted to transfer to law side of court to recover damages for specific instance when one of defendant's oil tanks overflowed, in said action at law plaintiff was properly restricted to claim arising out of said overflowing; other claims, such as deterioration and depreciation of property, violation of building restrictions, etc., set forth in bill in equity case, being *res judicata*.

2. APPEAL AND ERROR—CURING ERROR—TRIAL.

Plaintiff's attempt to bring into case and recover for items which were properly excluded was not prejudicial, where court in no uncertain terms excluded said items from jury's consideration, limited testimony to proper items, and verdict is sustained by evidence.

3. DAMAGES—EXCESSIVE VERDICT—WEIGHT OF EVIDENCE.

Verdict of $1,500 for damages to plaintiff's property, which is sustained by evidence, *held*, not against weight of evidence.

Appeal from Wayne; Keidan (Harry B.), J. Submitted January 22, 1932. (Docket No. 31, Calendar No. 36,117.) Decided March 2, 1932.

Case by Frank Krulikowski against Tide Water Oil Sales Corporation, a Delaware corporation, for damages to property alleged to be due to defendant's negligence. From verdict and judgment rendered for plaintiff, both parties appeal. Affirmed.

*Harry J. Lippman* (*J. Leon Katz*, of counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Harold
R. Smith* and *John G. Garlinghouse,* of counsel), for
defendant.

Butzel, J.   On December 20, 1926, Frank Kruli-
kowski, plaintiff, filed a bill of complaint in the
Wayne circuit court and sought to restrain the Tide
Water Oil Sales Corporation, defendant, from main-
taining an alleged nuisance caused by the erection
and operation of its plant adjoining plaintiff's home
in Detroit.   He claimed violations of building re-
strictions; also that the value of his property had
deteriorated and decreased in value, and that his
health had been impaired because of fumes, vapors,
oils, and gases emitted from defendant's plant.   The
trial judge found that there were no restrictions
prohibiting defendant from conducting the business
or using the property in the manner complained of,
and that the testimony did not sustain plaintiff's
contention that defendant's operation of the prop-
erty constituted a nuisance.   He further found that
if the plaintiff suffered loss or damage because of
the overflow of one of defendant's tanks on a special
occasion, and that this was due to the negligence
of defendant, plaintiff had an adequate remedy at
law, and might transfer his case to the law side
of the court to determine this question and recover
his damages.

On appeal taken by plaintiff, and in an opinion
written by Mr. Justice Sharpe, the decree of the
circuit court was affirmed, and the case remanded,
with permission to plaintiff to transfer it to the
law side of the court should he desire to continue
the suit to recover for the loss and damage caused by
the overflow of the tank through defendant's negli-
gence.   See *Krulikowski* v. *Tide Water Oil Sales*

*Corp.*, 251 Mich. 684, in which all the questions in regard to the deterioration and depreciation of plaintiff's property and building restrictions, .etc., were decided and became *res adjudicata*.

Plaintiff transferred the case to the law side of the court, filed a declaration therein, and claimed damages not only for the overflow of the tank, but again sought to recover for deterioration and depreciation of his property and for all the other grievances and losses theretofore asserted. The trial court restricted plaintiff's proofs to claims arising out of the overflowing of the tank. These consisted of the cost of removing and replacing soil, value of fruit trees killed, value of plaintiff's time in supervision of laborers, the replacing of sidewalks and damages to the house shown by estimates of the cost of residing, reshingling and repainting. Defendant claimed that plaintiff was asking exorbitant amounts, and gave testimony showing that the work could be done for less money. The jury was expressly restricted from considering any of the claims which, under the ruling in the previous case, plaintiff was not entitled to. The jury rendered a verdict in favor of plaintiff for the sum of $1,500. Plaintiff appeals from the judgment entered on the verdict, and claims that he should have had the right to submit his claim for damages on the questions of deterioration, depreciation, etc. Defendant filed a cross-appeal and claimed that the verdict was against the great weight of the evidence. It further claims that the jury was prejudiced in plaintiff's favor on account of his attempt to bring in the items that were properly excluded. The trial judge in no uncertain terms excluded from the consideration of the jury the improper claims of plaintiff and limited the testimony to the damage caused

by the overflow of the tank. The verdict is sustained by the evidence, and the judgment is affirmed. As both parties appealed, no costs will be allowed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.