WALTER H. HAWKINS v. JOSIAH H. SANDERS.

*Nuisance.*

A wooden awning over a side walk in front of a store is not *per se* a public nuisance.

Appeal from Washtenaw. Submitted Jan. 25. Decided January 28.

INJUNCTION. Bill dismissed. Affirmed.

*Joslin & Whitman* for complainant. Roofing a public highway interferes with the easement of the public even though it may not impede travel: *Garland v. Towne* 55 N. H. 55; *Rex v. Lord Grosvenor* 2 Stark. 511; *Reg. v. Betts* 16 Q. B. 1022; *Rex v. Russell* 6 East 427; *Davis v. Mayor* 14 N. Y. 524; *Grove v. Fort Wayne* 45 Ind. 429.

*Albert Crane* for defendant. A grantor who has not reserved the right has no implied right of light across the front of. the premises granted: *Myers v. Gemmel* (1851) 10 Barb. 537; *White v. Bass* (1862) 7 H. & N. 722; *Potts v. Smith* (1868) L. R. 6 Eq. 311; *Mullen v. Stricker* (1869) 19

Ohio St. 135; *Keats v. Hugo* (1874) 115 Mass. 204; *Jenks v. Williams* (1874) id. 217; *Keiper v. Klein* (1875) 51 Ind. 316; *Wheeldon v. Burrows* (1878) 12 Ch. Div. 31; *Rennyson's Appeal* (1880) — Penn. St. —: 9 Rep. 826; nor has he an implied right of prospect which will entitle him to interfere with an awning in front: *Aldred's Case* (1611) 9 Co. 58; *Knowles v. Richardson* (1669) 1 Mod. 55; *Attorney General v. Doughty* (1752) 2 Ves. Sr. 453; *Fishmonger's Co. v. East India Co.* (1752) 1 Dick. 163; *Wells v. Ody* (1836) 7 C. & P. 410; *Squire v. Campbell* (1836) 1 Myl. & C. 459; *Harwood v. Tompkins* (1854) 24 N. J. L. 425; *Butt v. Imp. Gas Co.* (1866) L. R. 2 Ch. 158; an awning does not interfere with the use of a street for the purpose of a street, and is not a nuisance: *Clark v. Lake St. Clair Ice Co.* (1872) 24 Mich. 508; *People v. Carpenter* (1849) 1 Mich. 273.

CAMPBELL, J. Hawkins who owns a hotel building in Ypsilanti, filed his bill to restrain defendant, who owns a neighboring store building, from maintaining a wooden awning in front of his premises. The complainant's theory seems to be that this is a public nuisance, which injuriously affects him specially.

The awning is, so far as we can see, no more of a nuisance than it would have been if made of any other material, and it was not, as shown from the evidence, such a structure as any court would regard as a public injury or grievance. It was such as was used habitually in other parts of Ypsilanti as well as elsewhere, and was recognized by the city ordinances as not objectionable. It was therefore no more than a lawful use of defendant's own property.

The special grievance complained of is simply that it obstructs the view of the sidewalk and a portion of the street. The testimony does not indicate that there was any very well-founded objection in fact to the awning, and there is no legal objection to it.

The bill was properly dismissed.

The other Justices concurred.