## KUZNIAK *v.* KOZMINSKI.

NUISANCE—WHAT CONSTITUTES.

    A coal and wood house, erected so near the premises of another as to darken his windows, does not constitute a nuisance, although it be so located from malicious motives. *Flaherty* v. *Moran*, 81 Mich. 52, distinguished.

Appeal from Kent; Adsit, J. Submitted December 3, 1895. Decided December 17, 1895.

Bill by John Kuzniak against Jacob Kozminski and Frances Kozminski to abate an alleged nuisance. From a decree for complainant, defendants appeal. Reversed.

*James E. McBride*, for complainant.

*Thompson & Temple*, for defendants.

LONG, J. The parties to this cause own adjoining lots in the city of Grand Rapids. Defendants' lot is on the

southeasterly corner of Eleventh and Muskegon streets, and upon which is a large tenement house facing both streets. The complainant owns the lot immediately south and adjoining the defendants', and upon which he has a dwelling house facing Muskegon street, and also a tenement house about 60 feet back from Muskegon street, and within 22 inches of the north line, being the line of defendants' lot. At the time this tenement house was erected, defendants had upon their lot what was called a "chicken shed;" and, after complainant's tenement house was erected, defendants moved this chicken shed upon a part of their lot directly opposite complainant's tenement house, and within 24 inches of the lot line, and converted it into a coal and wood house for the use of their tenants, who occupied the dwelling on said lot. This bill was filed by complainant for the purpose of having this coal and wood house of defendants declared a nuisance, and to compel them to remove the same. The claim made by the bill is that the defendants removed the building to that place through spite and from a malicious motive, and not because it was needed for any useful purpose. Defendants answered the bill, denying that they were actuated by malice in putting the building there, and averred that it was so placed for the use of their tenants for wood and coal. The testimony was taken in open court, and the court found that the building was a nuisance, and a decree was entered directing the defendants to remove the building within 60 days from the date of the decree, and that, in default of such removal, the sheriff of the county remove the same, at the cost and expense of defendants. The complainant was awarded the costs of the suit. Defendants appeal.

It was held in *Flaherty v. Moran*, 81 Mich. 52, that a fence erected maliciously, and with no other purpose than to shut out the light and air from a neighbor's window, was a nuisance, and the decree of the court below ordering its removal was affirmed; but that decision was

placed on the ground that the fence served no useful purpose, and was erected solely from a malicious motive. In the present case the building erected by the defendants was for a useful purpose; and, while there may have been some malice displayed in putting it so near the complainant's house as to shut off some of the light, that would not be a sufficient reason upon which to found a right in complainant to have the building removed. Defendants had a right to erect a building upon their own premises, and the decisions have been quite uniform to the effect that the motives of a party in doing a legal act cannot form the basis upon which to found a remedy. In *Allen* v. *Kinyon*, 41 Mich. 282, it was held that the motive is of no consequence when the party does not violate the rights of another. In *Hawkins* v. *Sanders*, 45 Mich. 491, it was held that there was no right of prospect which would prevent the erection of an awning on a neighboring lot. The case does not fall within the rule of *Flaherty* v. *Moran, supra,* and the court below was in error in directing the removal of the building. That decree must be reversed, and a decree entered here dismissing complainant's bill, with costs of both courts to the defendants.

The other Justices concurred.