PEEK *v.* ROE.

1. NUISANCES—LINE FENCES.

> A board fence 11 feet high, which shuts out the light from the rooms of an adjoining proprietor, prevents a circulation of air, and renders his house damp and unhealthy, and which subserves no useful purpose, is a nuisance.

2. SAME—RESPONSIBILITY FOR MAINTENANCE—PARTIES.

> Evidence that both of the parties defendant to a bill to restrain the maintenance of a fence at such a height as to constitute a nuisance own an interest in the premises upon which the fence is maintained, that one of them lives thereon, and that the other, in reply to a communication requesting a reduction in the height of the fence, stated, "Whenever you get ready to move on our works we shall be ready to receive you," is sufficient to show that both are responsible for its maintenance.

Appeal from Wayne; Lillibridge, J.   Submitted June 17, 1896.   Decided June 30, 1896.

Bill by Cynthia M. Peek against Jennie Roe and Charles Roe, Jr., to abate a nuisance.   From a decree for complainant, defendants appeal.   Affirmed.

Complainant and defendants are the owners of adjoining lots.   Complainant's house is situated about a foot from the division line.   The defendants maintain a board fence 10 feet 9 inches high, which shuts out the light from the rooms of the complainant, and prevents a circulation of air, thereby rendering her house damp and unhealthy.   A bill was filed to restrain the defendants from maintaining this fence to a greater height than 6 feet. Proofs were taken in open court.   The defendants introduced no testimony, and decree was entered for the complainant.

*John B. Shipman,* for complainant.
*Atkinson & Atkinson,* for defendants.

GRANT, J. *(after stating the facts).*   The main point in the case is ruled by *Kirkwood* v. *Finegan,* 95 Mich. 543, and *Flaherty* v. *Moran,* 81 Mich. 52 (21 Am. St. Rep. 510).   The principal defense appears to be that the defendants are not shown to be the parties responsible for the erection and maintenance of the fence.   Defendant Jennie Roe lives in the house, as does also her father. Defendant Charles Roe, Jr., is the owner of an undivided interest as the heir of his mother, of whose estate he is the administrator.   We think the evidence sufficient to show that both defendants are responsible for the maintenance of the fence.   Charles, in reply to a letter, written in behalf of the complainant, requesting a change in the height of the fence, wrote, "Whenever you get ready to move on our 'works,' we shall be ready to receive you."

The decree is affirmed, with costs.

The other Justices concurred.