HASSELBRING v. KOEPKE.

1. EASEMENTS—GRANT—PARAMOUNT TO RIGHTS OF OWNER OF SOIL.
   Rights of owner of easement are paramount to extent of grant,
   to those of owner of soil.

2. SAME—RIGHT OF PROSPECT NOT RECOGNIZED.
   No right of prospect is recognized by law of Michigan.

3. SAME—OWNER OF LAND MAY NOT MALICIOUSLY OBSTRUCT LIGHT
   OF ADJOINING LAND.
   Michigan does not recognize common-law rule that one may
   erect barriers to obstruct light which would otherwise reach
   premises of adjoining proprietor, where such barriers are
   erected maliciously.

4. SAME—PRESCRIPTIVE RIGHT TO LIGHT MAY NOT BE ACQUIRED.
   Prescriptive right to light may not be acquired, but malicious
   obstruction of light naturally reaching premises may be re-
   strained, even though caused by structures erected on land
   of adjoining proprietor.

5. SAME—OWNER OF FEE MAY USE LAND SUBJECT TO EASEMENT.
   Owner of fee subject to easement may rightfully use land for
   any purpose not inconsistent with rights of owner of ease-
   ment.

6. SAME—RESPECTIVE RIGHTS OF OWNERS OF FEE AND EASEMENT
   GENERALLY QUESTIONS OF FACT.
   What may be considered proper and reasonable use by owner of
   fee as distinguished from unreasonable and improper use, and
   what may be necessary to beneficial use and enjoyment by
   owner of easement are questions of fact to be determined
   by trial court or jury.

7. SAME—EJECTMENT—TRESPASS.
   Ejectment will not lie to recover easement, and trespass to try
   title thereto will not lie, because there is no breach of owner's
   possession.

8. SAME—EQUITY—REMEDY FOR INVASION OF EASEMENT—DAMAGES.
  Owner of easement need not submit to invasion of his rights and content himself with suing on case for damages, but his remedy, if any, is in equity.

9. SAME—PRESCRIPTION—GRANT.
  In order to establish easement, where no claim by prescription is made, valid grant must be shown.

10. SAME—GRANT OF EASEMENT—BENEFICIAL USE OF LAND.
  Where owner conveyed title to certain property except certain four feet thereof, which he reserved to ''be used jointly by parties hereto, their heirs and assigns, as a light shaft,'' there was valid grant of easement of light, but owner of fee is entitled to all beneficial uses of said land not inconsistent with said easement.

11. SAME—DEEDS—RESERVATIONS—RIGHT OF OWNER OF FEE TO MAINTAIN STAIRWAY IN NEW BUILDING.
  Where grantor reserved title to four-foot strip, to be used jointly as light shaft, with right in grantor to maintain outside stairway thereon, grantor's right to so use said strip in new building, after destruction of old building, is not dependent alone on restrictive language of deed, but consideration must be given to whole instrument, situation of lands, title, etc., to ascertain true intent of parties thereto.

12. SAME—HOW EASEMENT EXTINGUISHED.
  When reason which called easement into existence ceases, easement itself no longer exists.

13. SAME—RIGHT RESERVED DISTINGUISHED FROM GRANT OF EASEMENT.
  General rule that right to use of particular part of building or other dependent easement for particular purpose, coupled with no interest in soil, is lost by destruction of building, has no application to right of owner to maintain stairway on land which he owns in fee, and in which he has granted easement of light.

14. SAME—EASEMENT DEFINED.
  Easement is privilege without profit which one has for benefit of his own land in land of another.

15. DEEDS—EXCLUSION FROM GRANT.
  Whatever is excluded from grant by exception remains in grantor as of his former right or title.

16. EASEMENTS—ESSENTIAL THAT THERE BE DOMINANT AND SERVIENT ESTATES.

It is essential to easement that there be two distinct tenements or estates, a dominant one to which right belongs, and servient one upon which obligation is imposed.

17. DEEDS—RIGHTS RESERVED BY GRANTOR PASS TO SUCCESSORS IN TITLE.

As to grantor's right to four-foot strip of land, title to which he reserved in deed granting easement of light therein, and also right to maintain stairway thereon in connection with building owned by him, no words of inheritance were necessary, and his title was one capable of passing by descent, devise, or deed.

18. EASEMENTS—GRANTOR MAY NOT CONVEY EASEMENT TO HIMSELF.

Grantor may not convey easement to himself, nor may he reserve easement in his own land.

19. DEEDS—COVENANTS—RESERVATIONS—RIGHTS    RESERVED    RUN WITH LAND.

Covenants whereby grantor reserved title to four-foot strip of land, with right to maintain stairway thereon in connection with building owned by him, run with land, and his successors in title have right to use said land to same extent and for same purposes their grantor had, but such covenants are restrictive as to use, and must not be construed to limit or impair rights of grantees to easement of light therein.

20. EASEMENTS—LIGHT—RESPECTIVE RIGHTS OF OWNERS OF EASEMENT OF LIGHT AND OWNER OF FEE.

Where grantor granted easement of light in four-foot strip of land, but reserved title thereto, with right to maintain stairway in connection with building owned by him, grantees of said easement have easement over said land subject to owner's right to use it for use and maintenance of stairway appurtenant to new building, which replaced former one.

21. EQUITY—INJUNCTION—DAMAGES.

Generally, where mandatory injunction is sought, rule is that courts will balance benefit of injunction to plaintiff against inconvenience and damage to defendant, and grant injunction or award damages as seems most consistent with justice and equity under all circumstances of case.

22. SAME—DECLARATION OF RIGHTS—STATUTES.

Remedy should exist for every threatened invasion of one's legal rights, and specific permissive remedy, consisting of declaration of rights, is given by statute (3 Comp. Laws 1929, §§ 13903, 13904, 13908).

23. SAME—JURISDICTION—THREATENED WRONG—REMEDY.

Jurisdiction to prevent threatened disturbance in peaceable use and enjoyment of real property is inherent in court of equity.

24. EASEMENTS—PARAMOUNT TO RIGHTS OF OWNERS OF FEE.

Rights of owners by grant of easement of light in four-foot strip of land are paramount, to extent of easement granted, to rights of owners of fee and those who claim under them.

25. SAME — NUISANCE — DECLARATION OF RIGHTS — ANTICIPATED WRONGS—STATUTES.

Owners of easement of light in four-foot strip of land created by grant are entitled to have said right preserved and perpetuated by declaration of rights under statute (3 Comp. Laws 1929, §§ 13903, 13904, 13908), even though decree to abate nuisance or decree substituting award of damages for decree in abatement may not be maintained, and even though said easement is of no present practical use to its owners, and suit is brought in view of anticipated wrongs and injuries to owners of said easement.

26. SAME—PRESCRIPTIVE RIGHTS AGAINST EASEMENT CREATED BY GRANT.

Owners of fee may not build up rights in themselves based upon encroachment on easement of light in four-foot strip of land by prescription, occupancy, interference, or adverse use or possession or otherwise, in derogation of plain provisions of grant by deed, though of negative character, of said easement, even though said easement is of no present practical use to its owners.

27. SAME—EASEMENT CREATED BY GRANT NOT LOST BY NONUSER.

Easement based upon grant cannot be lost by mere lapse of time or nonuser.

WIEST, J., dissenting as to declaration of rights.

Appeal from Genesee; Black (Edward D.), J. Submitted April 5, 1933. (Docket No. 29, Calendar No. 36,976.) Decided June 5, 1933.

Bill by Reinhart Hasselbring and others against Arthur C. Koepke and others to enjoin interference with a claimed easement of light. From decree rendered, both parties appeal. Modified and affirmed.

*Millard & Roberts,* for plaintiffs.

*Neithercut & Neithercut,* for defendants Koepke and Pond.

*Carton & Gault,* for defendants Hubbard.

POTTER, J. Bill to enjoin interference with a claimed easement. From the decree entered both parties appeal. Plaintiffs own lands in the city of Flint and claim an easement arising out of a conveyance describing the lands and easement as the "south one-third of lot 7, block 3, of the village of Flint River as platted, now in the city of Flint, Michigan, being 22 feet frontage on Saginaw street and running back to Brush street with the exception of 4 feet off the south side of the east 90 feet of said south one-third of lot 7, block 3. Said 4 feet owned by party of the first part shall be used jointly by parties hereto, their heirs and assigns, as a light shaft. Outside stairways to building known as the Paterson block to remain if so desired by owner of said Paterson block."

Prior to June 28, 1916, the property conveyed belonged to William A. Paterson. On that date, he executed a deed of the premises above described. Immediately adjoining the premises conveyed was the Paterson block mentioned in the deed, which belonged to William A. Paterson, through whom defendants claim. Defendants William R. Hubbard and Mary Hubbard are the owners of the premises on which the Paterson block was situated. Arthur

C. Koepke and Elwyn Pond are lessees of the premises. In 1929 the Paterson block burned. The lessees, at the time of the filing of the bill of complaint, were building an office building upon the leased premises. Plaintiffs ask injunction restraining defendants from constructing stairways, fire escapes, or any other construction or obstruction in the four feet mentioned in the above-mentioned deed, to be used as a light shaft.

Plaintiffs have a brick building 60 feet long on the front end of the land conveyed to them. Their parcel is 132 feet deep. The parcel on which the Paterson block stood and on which a new building has been erected is 150 feet deep. The 4x90-foot strip in question comes up to the rear end of plaintiffs' building. There is no present obstruction of light to plaintiffs' present building. The light shaft provided for in the deed would give plaintiffs light if their building was extended 90 feet or any part thereof back. There is nothing in the 4x90-foot strip in controversy that interferes with plaintiffs' light at the present time. Defendants have erected an iron stairway in this 4x90-foot strip used in connection with the Paterson block. It is not claimed plaintiffs now contemplate the erection of a new building or extending the present one along the 4x90-foot strip in question. This case therefore is unique. No similar case has been cited or found.

1. As early at least as *Aldred's Case,* 9 Coke Rep. 57 b (77 Eng. Repr. 816), which relies on prior cases, the right to protect easements of light was known to English law. In *Jones* v. *Powell,* Hutt. 135 (123 Eng. Repr. 1155), *Aldred's Case* and *Bland* v. *Mosely,* an action on the case for stopping lights in London, are cited. Holdsworth says that down to the middle of the nineteenth century there was in

England comparatively little authority on easements of light. 7 Holdsworth's History of English Law, p. 339, and Justice Wright, in *Warren* v. *Brown* (1900), 2 Q. B. 722, which reviews most of the earlier English cases, said:

"There are scarcely any authorities bearing on the question until 1865."

In *Fishmongers' Co.* v. *East India Co.*, 1 Dick. 163 (21 Eng. Repr. 232), plaintiff sought to enjoin the erection of a wall 17 feet from plaintiffs' windows on the ground it obstructed plaintiffs' light. Lord Chancellor Hardwicke said:

"I am of opinion it is not a nuisance contrary to law; for it is not sufficient to say it will alter the plaintiffs' lights, for then no vacant piece of ground could be built on in the city; and here will be 17 feet distance, and the law says it must be so near as to be a nuisance. It is true the value of the plaintiffs' house may be reduced by rendering the prospect less pleasant, but that is no reason to hinder a man from building on his own ground."

In *Wells* v. *Ody,* 7 Car. & P. 410 (173 Eng. Repr. 182), Baron Parke said:

"A man can bring no action for the loss of a lookout or a prospect, but he may do so if the light and air which would come to his windows are diminished so as sensibly to diminish the value of his premises for occupation; but the action is not maintainable, as my Lord Chief Justice says, 'unless there is such a diminution of light as really makes the premises to a sensible degree less fit for the purposes of business.' The question, therefore, which I shall leave to you is, whether the effect of the defendant's building is to diminish the light and air so as sensibly to affect the occupation of the plaintiff's premises, and make them less fit for occupation."

And in *Clarke* v. *Clark,* L. R. 1 Ch. App. 16, Lord Chancellor Cranworth said:

"What the plaintiff was bound to show was, that the buildings of the defendant caused such an obstruction of light as to interfere with the ordinary occupations of life. * * * The real question is not what is, scientifically estimated, the amount of light intercepted, but whether the light is so obstructed as to cause material inconvenience to the occupiers of the house in the ordinary occupations of life."

In *Back* v. *Stacey,* 2 Car. & P. 465 (172 Eng. Repr. 210), Mr. Chief Justice Best charged:

"It was not sufficient, to constitute an illegal obstruction, that the plaintiff had, in fact, less light than before; nor that his warehouse, the part of his house principally affected, could not be used for all the purposes to which it might otherwise have been applied. In order to give a right of action, and sustain the issue, there must be a substantial privation of light, sufficient to render the occupation of the house *uncomfortable,* and to prevent the plaintiff from carrying on his accustomed business (that of a grocer) on the premises, as *beneficially* as he had formerly done."

This language was quoted with approval by Lord Macnaghten in *Colls* v. *Home & Colonial Stores, Ltd.,* L. R. (1904) A. C. 179, in an opinion in which he discussed the respective merits of the remedy by injunction and the remedy by an award of damages, saying (p. 193):

"In some cases, of course, an injunction is necessary—if, for instance, the injury cannot fairly be compensated by money—if the defendant has acted in a high-handed manner—if he has endeavored to steal a march upon the plaintiff or to evade the jurisdiction of the court. In all these cases an injunction is necessary, in order to do justice to the

plaintiff and as a warning to others. But if there is really a question as to whether the obstruction is legal or not, and if the defendant has acted fairly and not in an unneighborly spirit, I am disposed to think that the court ought to incline to damages rather than to an injunction. It is quite true that a man ought not to be compelled to part with his property against his will, or to have the value of his property diminished, without an act of parliament. On the other hand, the court ought to be very careful not to allow an action for the protection of ancient lights to be used as a means of extorting money. Often a person who is engaged in a large building scheme has to pay money right and left in order to avoid litigation, which will put him to even greater expense by delaying his proceedings. As far as my own experience goes, there is quite as much oppression on the part of those who invoke the assistance of the court to protect some ancient lights, which they have never before considered of any great value, as there is on the part of those who are improving the neighborhood by the erection of buildings that must necessarily to some extent interfere with the light of adjoining premises.''

This case was followed by *Higgins* v. *Betts,* L. R. 2 Ch. Div. 1905, 210, where the court by Justice Farwell said:

''It was not enough to show that some light had been taken, but the question always was whether so much had been taken as to cause a nuisance. But for many years the tendency of the courts had been to measure the nuisance by the amount taken from the light acquired and not to consider whether the amount left was sufficient for the reasonable comfort of the house according to ordinary requirements. If a man had a house with unusually excellent lights, it was treated as a nuisance if he was deprived of a substantial part of it, even although a fair amount for ordinary purposes was left. It is in this respect

that *Colls' Case* has, to my mind, readjusted the law. It is still, as it always has been, a question of nuisance or no nuisance, but the test of nuisance is not—How much light has been taken, and is that enough materially to lessen the enjoyment and use of the house that its owner previously had? but— How much is left, and is that enough for the comfortable use and enjoyment of the house according to the ordinary requirements of mankind?''

Prior to the enactment of the statute in England regulating the acquisition by prescription of easements for light, such easements over adjoining premises could be acquired by continued use. It was common in England to erect and maintain barriers to obstruct the light of adjoining proprietors in order to prevent the acquisition of easements by prescription over adjoining premises.

2. In this State ''the rights of the owner of the easement are paramount, to the extent of the grant, to those of the owner of the soil.'' *Harvey* v. *Crane*, 85 Mich. 316 (12 L. R. A. 601). No right of prospect is recognized by the law of this State. *Hawkins* v. *Sanders*, 45 Mich. 491; *Kuzniak* v. *Kozminski*, 107 Mich. 444 (61 Am. St. Rep. 344). This State does not recognize the common-law rule that one may erect barriers to obstruct the light which would otherwise reach the premises of an adjoining proprietor, where such barriers are erected maliciously. It refused to follow the leading American case of *Mahan* v. *Brown*, 13 Wend. (N. Y.) 261 (28 Am. Dec. 461), in *Burke* v. *Smith*, 69 Mich. 380, where Justices MORSE and SHERWOOD held, no one has a right to make a malicious use of his property not for any benefit or advantage to himself but for the purpose of damaging his neighbor. The opinion of Justice MORSE in *Burke* v. *Smith* was followed in *Flaherty* v. *Moran*, 81 Mich. 52 (8 L. R. A. 183, 21 Am. St.

Rep. 510), and the *Flaherty Case* was followed in *Kirkwood* v. *Finegan,* 95 Mich. 543, and *Peek* v. *Roe,* 110 Mich. 52. These cases establish the rule that no one may acquire a prescriptive right to light, and that malicious obstruction of the light naturally reaching the premises of an adjoining proprietor may be restrained, even though caused by structures erected upon the land of the adjoining proprietor. It is settled that the owner of a fee, subject to an easement, may rightfully use the land for any purpose not inconsistent with the rights of the owner of the easement. *Harvey* v. *Crane, supra; Murphy Chair Co.* v. *American Radiator Co.,* 172 Mich. 14. What may be considered a proper and reasonable use by the owner of the fee as distinguished from an unreasonable and improper use, and what may be necessary to plaintiff's beneficial use and enjoyment, are questions of fact to be determined by the trial court or jury. *Harvey* v. *Crane, supra.*

3. Ejectment will not lie to recover an easement. *Taylor* v. *Gladwin,* 40 Mich. 232; *City of Detroit* v. *Railway,* 172 Mich. 136; *Graham* v. *City of Detroit,* 174 Mich. 538 (44 L. R. A. [N. S.] 836); *McMorran Milling Co.* v. *Railway Co.,* 210 Mich. 381. Trespass to try title will not lie because there is no breach of the owner's possession. 51 C. J. p. 191. A party need not submit to an invasion of his rights and content himself with suing on the case for damages. *McMorran Milling Co.* v. *Railway Co., supra.* Plaintiffs' remedy, if any, is in equity. *Hall* v. *Nester,* 122 Mich. 141; *Rhoades* v. *McNamara,* 135 Mich. 644; *McMorran Milling Co.* v. *Railway Co., supra; Ives* v. *Edison,* 124 Mich. 402 (50 L. R. A. 134, 83 Am. St. Rep. 329); *Tolsma* v. *James E. Scripps Corp.,* 153 Mich. 14; *Longton* v. *Stedman,* 182 Mich. 405.

4. In this case William A. Paterson owned all of the premises in question, and, by the deed made the

basis of plaintiffs' rights, transferred the title of certain property to the grantees therein named. He excepted from the description of the property conveyed four feet off the south side of the east 90 feet of said south one-third of lot 7, block 3. This four feet he did not convey, and the title thereto remained in him. It was his property. The deed recites "said four feet owned by party of the first part," thus showing there was no intention upon the part of the grantor, Paterson, to transfer the title to this four feet to the grantees named in the deed. The deed does provide that "said four feet owned by party of the first part shall be used jointly by parties hereto, their heirs and assigns, as a light shaft." No claim of an easement by prescription is made. In order to establish such an easement a valid grant must be shown. *Nowlin Lumber Co. v. Wilson,* 119 Mich. 406.

The language of the conveyance here involved contains all the requisites of a grant. There is a grantor, a grantee, a thing granted, which is described and which was accepted by the grantees by acceptance of the deed. Shephard's Touchstone (1st Am. Ed.), p. 229. Subject to the rights of the grantees under the deed from William A. Paterson, the owner of the fee is entitled to all beneficial uses of the land in question. *Harvey* v. *Crane, supra; Murphy Chair Co.* v. *American Radiator Co., supra; Grinnell Bros.* v. *Brown,* 205 Mich. 134.

5. The rights of defendants do not depend alone upon the language of the deed "outside stairways to building known as the Paterson block to remain if so desired by owner of said Paterson block." We must look beyond this narrow and restrictive language of the deed to the four corners of the instrument—the situation of the lands, the title, and of the parties to the instrument, to ascertain from the instrument

itself the true intent of the parties thereto. The deed does not convey to the grantees title to this 4x90-foot strip. It is expressly excepted from the inclusive description of the lands granted. It was not conveyed, but retained by grantor. The stairways to the building known as the Paterson block belonged to the grantor, were used in connection with his building, and stood upon his own land. There is no doubt as to the rule of *Day* v. *Walden,* 46 Mich. 575, and *Negaunee Iron Co.* v. *Iron Cliffs Co.,* 134 Mich. 264, relied upon by plaintiffs. The rule is a general one. *Ballard* v. *Butler,* 30 Me. 94; *Shirley* v. *Crabb,* 138 Ind. 200 (37 N. E. 130, 46 Am. St. Rep. 376); *Reynolds* v. *Union Savings Bank,* 155 Iowa, 519 (136 N. W. 529, 49 L. R. A. [N. S.] 194); *Bonney* v. *Greenwood,* 96 Me. 335 (52 Atl. 786); *Cohen* v. *Adolph Kutner Co.,* 177 Cal. 592 (171 Pac. 424, L. R. A. 1918 D, 410); *Brechet* v. *Johnson Hardware Co.,* 139 Minn. 436 (166 N. W. 1070); *Bowhay* v. *Richards,* 81 Neb. 764 (116 N. W. 677, 19 L. R. A. [N. S.] 883); *Bartlett* v. *Peaslee,* 20 N. H. 547 (51 Am. Dec. 242); *Hahn* v. *Baker Lodge,* 21 Ore. 30 (27 Pac. 166, 13 L. R. A. 158, 28 Am. St. Rep. 723); *Percival* v. *Williams,* 82 Vt. 531 (74 Atl. 321); 19 C. J. p. 955. These and similar cases hold the right to the use of a particular part of a building or other dependent easement for a particular purpose, coupled with no interest in the soil upon which the building stands, is lost by the destruction of the building. "The ground upon which all these cases hinge is that when the reason which called the easement into existence ceases, the easement itself no longer exists" (*Hottell* v. *Farmers Protective Ass'n,* 25 Colo. 67 [53 Pac. 327, 71 Am. St. Rep. 109]); but neither the cases relied upon nor the principle upon which they were decided have any application to

the maintenance by defendants of the stairways here.

An easement is a privilege without profit which one has for the benefit of his own land in the land of another. 19 C. J. p. 862; Washburn on Easements (4th Ed.), § 2; Jones on Easements, § 1. The deed did not purport to convey title to the 4x90-foot strip to the grantees. Whatever is excluded from the grant by exception remains in the grantor as of his former right or title. *Negaunee Iron Co.* v. *Iron Cliffs Co., supra; Stockbridge Iron Co.* v. *Hudson Iron Co.,* 107 Mass. 290, 321. The grantor had and retained title to the 4x90-foot strip, the stairways, the land on which they stood, and the building to which they were appurtenant. It is essential to an easement that there be two distinct tenements or estates, a dominant one to which the right belongs, and a servient one upon which the obligation is imposed. 10 Am. & Eng. Enc. Law (2d Ed.), p. 402. So far as the 4x90-foot strip, the stairways thereon, and the Paterson block are concerned, no words of inheritance were necessary. *Negaunee Iron Co.* v. *Iron Cliffs Co., supra.* The grantors' title thereto was one capable of passing by descent, devise, or deed. It could be sold, assigned, transferred, or conveyed. Grantor could not convey an easement to himself. He could not reserve an easement in his own land. The covenants as to the use of this 4x90-foot strip run with the land, and grantors' successors in title, defendants herein, have the right to use this land to the same extent and for the same purposes their grantor had. Such covenants are restrictive as to use and must not be construed to limit or impair plaintiffs' rights. Plaintiffs have an easement over defendants' land, subject to defendants' right to use the land for the use

and maintenance of stairways appurtenant to the building which replaced the old Paterson block.

6. May plaintiffs maintain suit? The rule in England is stated in 11 Halsbury's Laws of England, p. 300, as follows:

"What the dominant owner is bound to show in order to maintain an action is that the interference is such an obstruction of light as to interfere with the ordinary occupations of life. In other words, the nature and extent of the right is to have that amount of light through the windows of the dominant house which is sufficient, according to the ordinary notions of mankind, for the comfortable use and enjoyment of the house as a dwelling-house, if it be a dwelling-house, or for the beneficial use and occupation of the building if it be a warehouse, shop, or other place of business."

7. In cases where a mandatory injunction is sought, the rule in England, *Colls* v. *Home & Colonial Stores, Ltd., supra,* and generally in this country (14 R. C. L. p. 308, 32 C. J. pp. 77–79), and particularly in Michigan (*Blake* v. *Cornwell,* 65 Mich. 467; *Allen* v. *Thornapple Elec. Co.,* 144 Mich. 370 (115 Am. St. Rep. 453), is that the court will balance the benefit of an injunction to plaintiff against the inconvenience and damage to defendant, and grant an injunction or award damages as seems most consistent with justice and equity under all the circumstances of the case.

8. It is claimed there was an infringement by defendants of plaintiffs' rights. Plaintiffs' contention was clearly stated by plaintiff Reinhart Hasselbring:

"We do not claim that we have any title to the four-foot strip. We have an easement right for a light shaft. * * * We are trying to hold a new stairway out of there to interfere with our light,

that is what we are trying to keep out of the four-foot strip. * * * We have no building that is being harmed now. * * * We are simply protecting our property. * * * I don't claim it would do any damage until we extend our building and we certainly would object to any decree that would allow them to put a stairway there until we might put up a new building. Why put it in and release our rights and get in future troubles? Why not keep the thing clear as it is? We are objecting to putting the stairway in on the ground that it would damage us in the future. It would damage our property in case of sale."

The testimony of Mr. Weidner, which is not disputed, shows:

"The old stairway was constructed of solid plank and it would be darker underneath it than it would be under the new stairway, which is constructed of open grating."

No nuisance is established by the proofs. There is no testimony in the record which may be made the basis of an award of damages.

9. Section 13903, 3 Comp. Laws 1929, provides:

"The court may, in cases of actual controversy, make binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of * * * any deed * * * and a declaration of the rights of the parties interested."

By 3 Comp. Laws 1929, § 13908, such "declarations of rights made under this act shall have the effect of final judgments."

Section 13904, 3 Comp. Laws 1929, provides:

"Declarations of rights and determinations of questions of construction * * * may be obtained

by means of ordinary proceedings * * * in equity."

Plaintiffs' bill of complaint should not be dismissed but sustained, and a declaration of rights made upon the principle that plaintiffs acquired for a valuable consideration legal rights by deed, and are entitled to have those rights determined, declared, and protected. A remedy should exist for every threatened invasion of one's legal rights, and a specific permissive remedy is here given by statute. The jurisdiction to prevent threatened disturbance in the peaceable use and enjoyment of real property is inherent in a court of equity. *Holland* v. *Challen,* 110 U. S. 15 (3 Sup. Ct. 495). Plaintiffs owned the easement of light described in the deed. Such easement arises out of the title of defendants' predecessors. The rights of the plaintiffs, present owners of such easement, are paramount, to the extent of the easement granted, to the rights of the owners of the fee and those who claim under them, defendants. *Harvey* v. *Crane, supra.* Plaintiffs are entitled, even though a decree to abate a nuisance or a decree substituting an award of damages for a decree in abatement may not be maintained, to have those rights declared and protected, not upon the theory of nuisance, which seems to be the only basis of legal or equitable interference in England, or upon the theory of awarding damages in lieu thereof, but upon the theory that this easement of light over the lands of defendants, granted by deed, though of a negative character, entitles its owners, when they desire to make use of it, to have such use, and prohibiting the defendants from doing or permitting to be done on this 4x90-foot strip anything to encroach upon or diminish the use of such easement to the extent granted. It is a suit brought in

view of anticipated wrongs and injuries to plaintiffs' rights and interests granted by deed. *Holland* v. *Challen, supra.* Though the easement is of no present practical use to plaintiffs, it belongs to them as a present property right appurtenant to their other property of marketable value in connection therewith, and this appurtenant property right plaintiffs are entitled to have preserved and perpetuated, even though it is of no present practical use to them. *Homewood Realty Corp.* v. *Safe Deposit & Trust Co.,* 160 Md. 457 (154 Atl. 58, 78 A. L. R. 8). Plaintiffs have acted seasonably to assert and protect their rights, and defendants should not be permitted to build up rights in themselves based upon such encroachment by prescription, occupancy, interference, or adverse use or possession, or otherwise, in derogation of the plain provisions of the grant to plaintiffs by deed. Plaintiffs' easement, based upon grant, cannot be lost by mere lapse of time or nonuser. *Day* v. *Walden, supra; Lathrop* v. *Elsner,* 93 Mich. 599; *Murphy Chair Co.* v. *American Radiator Co., supra;* 19 C. J. p. 942.

"It is elementary that an easement once granted is an estate which cannot be abridged or taken away, either by the grantor or his subsequent grantees." *Murphy Chair Co.* v. *American Radiator Co., supra.*

The decree entered by the trial court will be modified, and a decree in accordance herewith entered, without costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with POTTER, J.

WIEST, J. I concur in the result, but do not accept the so-called declaration of rights.