## DE CUMBE v KREWSON et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14952. Decided May 4, 1936

Henderson, Quail, McGraw & Barkley, Cleveland, for plaintiff.

Wilkin, Krewson & Wilkin, Cleveland, for defendants.

### OPINION

By LIEGHLEY, PJ.

Walter I. Krewson, Sr.. died testate in 1909 leaving surviving him his widow, Mary E. Krewson and four children. He gave his widow a life estate in his property of which he died possessed and seized. The following are the provisions of the will with which this litigation is concerned:

"ITEM SECOND: I give and bequeath to my beloved wife, Mary E. Krewson, the use and income of my entire estate, both real and personal, during the period of her natural life, or so long as she shall remain my widow.

"ITEM THIRD: I direct that my estate shall remain intact, and that no part of said estate shall be sold or incumbered during the life of my said wife, Mary E. Krewson, or so long as she shall remain my widow, unless such sale or incumbrance shall be deemed necessary by my executrix hereinafter named, for the proper support of said Mary E. Krewson, and my minor children."

The widow was named executrix and filed her final account in July, 1912. It is charged that the executrix failed to list or schedule many items of property belonging to the estate. All her children had then reached maturity. Neither one filed ob-

jections or excepted to any item in or omission from said account.

Lauretta Krewson became of age in October, 1910. She later married Walter Schmitt both of whom are now deceased, leaving surviving them one daughter, Lauretta Krewson Schmitt, a minor, in whose behalf this action was instituted by her guardian. It is the one-fourth interest of her mother in the estate in the hands of the widow, which this ward inherited at her death, of which the plaintiff is seeking to ascertain the amount and character and is seeking to corral and protect.

The testator died seized of three pacrels of real estate. Shortly after said children arrived at the age of maturity, all four joined in deeds conveying title thereto to their mother. Plaintiff claims this was done merely for the purpose of affording convenient and ready alienation thereof by their mother. Obviously all four willingly placed in her hands full authority to convey contrary to direction of the will and thereby knowingly approved and joined therein, whether these deeds were intended for convenience only or were intended to pass all their right, title and interest therein to their mother. No complaint or criticism now that the widow █ exceeded her power under the will in selling and conveying these parcels is well founded or justified as all parties then interested, all remaindermen, willingly joined and approved and by their deeds to her purposed and proposed a sale and conveyance.

Lauretta Krewson Schmitt did not die until October 1933. During twenty-one years she did not except or object to the final account nor complain that the executrix had failed to account in full. Not during all the years subsequent to the execution of the deeds did she make the claim now made in behalf of her minor daughter nor assert the right to have her name in the title to any real estate handled and dealt in from time to time by her mother. The lapse of years and her complete silence justifies the position that whatever her mother did in handling the estate had her unqualified approval.

Complaint is strenuous about her wrongdoing in investing and re-investing the proceeds of the sale of the three parcels. The execution of those deeds implied that she would invest in the absence of a contrary direction by the remaindermen. She invested and reinvested again and again over the years to the knowledge of all without objection with gratifying results to all, as it is conceded that she enhanced the value of the estate by many thousands.

It is claimed, and in a large degree it is true, that after these deeds she handled the estate funds realized from the real and personal property very much as if it was all her own; that she commingled the funds of the estate with her own moneys; that she took the title to real estate which she bought and sold and which she now owns in her own name. These deeds and the four children standing by silently but approvingly for almost twenty years justified and now justifies her course of conduct in these respects during those years. It is now suggested on behalf of this grandchild that this widow should now render an accounting to her; that it be judicially determined at this time of what the estate consists; that the same be recorded in a declaratory judgment; that in the event the widow should need to spend any part of the estate for her needs, the right to do so should follow an application addressed to the court.

The guardian complains that all information upon demand in respect to the character and extent of the estate was refused. That her son, Walter Krewson, asserted that all belonged to his mother and she had a right to use and dispose of it as she saw fit and he was advising her to use and consume all the property. Therefore the guardian in behalf of his ward brought this action for an accounting, declaratory judgment and other relief. It should be noted that almost all threats about which complaint is made are charged to the son and not to the widow.

It should be noted that the widow was and is empowered to sell any part or item of the estate if needed for her proper support and the support of her minor children. How much or what particular part of the estate left by the testator was consumed by these necessities does not appear. What demand on the estate the infirmities of old age may make for her care is entirely problematic.

An outstanding reason for this relief is based on the claim that the widow possesses more information than anyone else as to what is estate property and what is her own property; that after her death the most ready and reliable source of information will be lost. This is not an action to perpetuate testimony and other and additional reasons must exist to warrant the relief sought. Some such form of action may be available to plaintiff to accomplish these results and discover the status of the estate in the respects desired.

It is conceded that no waste has been

committed. On the contrary, the estate has been so wisely and shrewdly handled by this widow that tens of thousands have been added to the estate.

The right to an accounting is dependent and contingent upon a right to a judgment. What judgment could this court render to which this plaintiff is now entitled. A money judgment follows an accounting in an amount found due after striking a balance. Nothing is due now.

But it is said the right to an accounting is ancillary and precedent to the right to a declaratory judgment. The accounting is intended to be fact finding, intended to ascertain what money, securities and real estate is properly in and a part of the estate. Then it is proposed that this be declared to be the estate or trust created by the testator in the form of a judgment, and this shall be the basis of distribution upon the death of the widow although she may live for ten years. If this is not the result of what use is an accounting and declaratory judgment now. Then, too, unless the right to a declaratory judgment exists now, no right to an accounting for the purposes of such judgment exists.

The office of a declaratory judgment is to declare legal rights. Its office is not to make a finding of facts that are constantly subject to mutation by the very powers granted in the will. The legal rights of this grandchild are now established by law. Upon the termination of the life estate, she will be entitled to a distributive share of one-fourth of the estate.

A few cases cited will illustrate. This is not a case in which it may be said that questions of fact incidental to the construction of a written instrument or any facts necessary to the determination of rights and relations thereunder may be ascertained. Town Board of Greece v Murray, 223 N. Y. S. 606.

Nor is it an action to determine the validity of a tax law. Nashville, Chattanooga and St. Louis Ry. v Wallace, 288 U. S. 249.

Nor is it an action to determine present legal rights in respect to an easement of light in anticipation of a proposed construction. Hasselbring v Koepke, 263 Mich. 466.

If this widow has wrongfully alienated any part of the estate or disposed of or attempts to dispose of any part of it by gift or otherwise to the prejudice of this ward, or has failed to include and schedule any property of which the testator died seized or possessed, this proposed **fact finding** program can be pursued at the termination of the life estate and correct and exact judgment rendered and distribution compelled effectively and completely. All appropriate writs and processes of the courts may then be invoked to uncover and discover any wrongful or illegal handling of the corpus of this estate as efficiently as it may legally now be done. This fact finding procedure is not warranted or authorized now under the existing and respective legal rights of the parties through the guise of the declaratory judgment act.

Entertaining these views, the motion for judgment for defendants on the pleadings is granted with exceptions noted.

LEVINE, J, concurs in judgment.
TERRELL, J, dissents.