### ODOI v. WHITE.

1. EASEMENTS—CESSATION OF ORIGINAL PURPOSE—EXPRESS GRANT.
   An expressly granted easement not limited to a particular use, which connected the dominant estate with a 22-acre tract of land, was not extinguished by reason of the fact that the original purpose for which it was created has ceased to exist.

2. SAME—MERGER—VENDOR AND PURCHASER.
   A merger of the dominant and servient estates, involved in claimed easement, was not effected by reason of the fact that a land contract purchaser used both estates but never acquired title to the dominant estate.

3. SAME—UNITY OF POSSESSION OF DOMINANT AND SERVIENT ESTATES.
   An easement is not extinguished by mere unity of possession of the dominant and servient estates, it being necessary also to have unity of fee.

4. SAME—NONUSER—ABANDONMENT—INTENT TO RELEASE.
   An easement appurtenant to land, created by grant in a deed, is not lost by nonuser, nor can abandonment be predicated upon nonuser without evidence establishing an intention to release the servient estate and extinguish the easement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am. Jur, Easements § 98.
[2, 3] 17 Am Jur, Easements § 139.
[4] 17 Am Jur, Easements § 141.
[6] 3 Am Jur, Appeal and Error §§ 1163, 1166.
[7] 17 Am Jur, Easements § 151; 18 Am Jur, Ejectment § 14.
[8] 3 Am Jur, Appeal and Error § 269.
[10] 14 Am Jur, Costs § 97.

5. SAME—FINDING OF TRIAL COURT AS TO OWNERSHIP OF ESTATES—EVIDENCE.

Findings of trial court in action of ejectment that there was never any conveyance made nor act on the part of an owner of the dominant estate, expressly repudiating, extinguishing or destroying ownership of the easement in question and that the title to the strip of land in the easement was not owned by the owners of the dominant estate and that the right to the use of the 2-rod strip was an easement, *held*, supported by the record.

6. APPEAL AND ERROR—JUDGMENT IN EJECTMENT.

That part of judgment as to portion of land not involved in an easement is affirmed in action of ejectment, where no appeal has been taken therefrom.

7. EJECTMENT—EASEMENTS.

Ejectment does not lie to recover an easement.

8. APPEAL AND ERROR—EASEMENTS—EJECTMENT—REVERSAL WITHOUT PREJUDICE.

Part of judgment as to portion of land involved in an easement is reversed on appeal in action of ejectment, since ejectment is not the proper remedy, but reversal is without prejudice to proceedings in chancery as to the easement.

9. EASEMENTS—FINDINGS OF COURT—EVIDENCE.

Finding of trial court that easement was not extinguished *held*, supported by the clear preponderance of the evidence, in an action where both parties had, without reservation, moved for a directed verdict.

10. COSTS—AFFIRMANCE IN PART—REVERSAL IN PART.

No costs are awarded either party on appeal in action of ejectment, where judgment is affirmed in part and reversed in part and plaintiffs left to remedy in chancery for rights under easement.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 5, 1955. (Docket No. 19, Calendar No. 46,271.) Decided June 6, 1955.

Ejectment by A. A. Odoi and Clara G. Odoi against Charley White and Emily White. Judgment for plaintiffs. Defendants appeal. Issue confined to

easement claimed on portion of property.  Affirmed in part; reversed in part.

*William H. Wilmot,* for plaintiffs.

*Walter R. O'Hair (Daniel P. Cassidy,* of counsel), for defendants.

REID, J.  Plaintiffs filed a declaration in ejectment setting forth conveyances purporting to evidence title.  The case was heard by a jury but after motion for a directed verdict by each of the parties without reservation, the trial judge entered the judgment for plaintiffs in ejectment without the verdict of the jury, finding plaintiffs not vested with title to a 2-rod strip of land in question but owners of an easement over the 2-rod strip as appurtenant to plaintiffs' other land.  Defendants appeal but plaintiffs did not cross-appeal.

On this appeal the sole issue concerns the easement for the 2-rod strip otherwise spoken of as "the right-of-way."  Defendants do not question the right of the court to determine the plaintiffs' claimed right to an easement over instead of title to the 2-rod strip, but defendants deny the existence of the easement.

Plaintiffs are owners of the dominant estate. Plaintiffs' ancestors or predecessors in title were granted the title by warranty deed dated February 13, 1873, including with the description of lands constituting the dominant estate the 2-rod strip under the wording, "also the right-of-way or 2 rods on the south side of land owned by parties of the first part on the east half of the said southwest quarter of said section 16."

Defendants-appellants claim that the purpose for which the easement was created ceased to exist. However, this strip spoken of as "about 80 rods

long or about 1,320 feet" afforded the only method of reaching a 22-acre tract from the dominant estate, and has continued to be so used. Although the premises constituting the dominant estate were used for a dairy farm and are now used as a fairway for a golf course, the 2-rod strip in question is still used in reaching the 22 acres. . In any event, the expressly granted easement was not limited to any one particular purpose or use.

Defendants further claim that the right-of-way was extinguished as a consequence of merger.

· A former owner of the dominant estate, Henry W. Cort, testified that he sold the property to a Mr. Senn in 1938 or 1940 and that Mr. Senn did not carry out his contract. The contract was cancelled by foreclosure about 1945. Mr. Senn therefore never received the title to the dominant estate.

The use by Mr. Senn of both the dominant and servient estates as vendee under land contracts, did not extinguish the easement.

"Unity of possession without unity of fee is not sufficient to cause an extinguishment." 17 Am Jur, Merger, § 139, p 1025.

Mr. Senn was entitled under his land contract to the possession, but did not acquire the fee.

· "An easement appurtenant to land, created by grant in a deed, is not lost by nonuser, nor can abandonment be predicated upon nonuser without evidence establishing an intention to release the servient estate and extinguish the easement." *Greve* v. *Caron,* 233 Mich 261 (syllabus 4).

There is no showing in the record that there was any conveyance nor any act on the part of any person at the time owning the dominant estate, expressly repudiating, extinguishing or destroying ownership on the part of the owner of the dominant estate of the easement in question. The easement

was not extinguished. The trial court properly found the right to the use of the 2-rod strip to be an easement, and that the title to the 2-rod strip was not owned by the owners of the dominant estate.

The judgment of the circuit court granted ejectment as to a certain tract of land described in the judgment and this part of the judgment has not been appealed from by the defendants. This part of the judgment therefore stands affirmed as to the tract other than the 2-rod strip in question.

The judgment of the court further recited as to the easement in question, "Also the unimpaired use of an easement over and upon the south 2 rods of the following described property," and those words in the judgment were followed by a description of the land crossed by the 2-rod strip in question.

Defendants in their statement of reasons and grounds of appeal asserted no claim that the trial court in ejectment was without right to grant the relief sought by plaintiffs as to the use of the easement. The trial court properly found that, "The conveyances down to the defendants reserved a right-of-way or a private road referring to the original conveyance from Waters to Rofe," and further, "The deed to the defendants is subject to this limitation of this use."

In Michigan, ejectment does not lie to recover an easement. See *Buell* v. *Irwin*, 24 Mich 145; *Taylor* v. *Gladwin*, 40 Mich 232; *City of Detroit* v. *Detroit United Railway*, 172 Mich 136; *Graham* v. *City of Detroit*, 174 Mich 538 (44 LRA NS 836); *McMorran Milling Co.* v. *Pere Marquette R. Co.*, 210 Mich 381; *Hasselbring* v. *Koepke*, 263 Mich 466 (93 ALR 1170); and *Frank* v. *Coyle*, 310 Mich 14 (syllabus 5).

The portion of the judgment granting ejectment as to the 2-rod strip covered by the easement is

reversed. Judgment for plaintiffs as to the ease-
ment is reversed without prejudice to proceedings
in chancery as to the easement.

On this appeal the parties by their briefs have
argued the proposition of an extinguishment of the
easement. The finding of the trial court that the
easement is not extinguished is supported by the
clear preponderance of the evidence. In view of the
nature and result of the appeal, no costs are awarded
to either party.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES,
DETHMERS, and KELLY, JJ., concurred.