*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

KEVINN DONOVAN and JANINE DONOVAN,

        Plaintiffs-Appellants,

v

BRONSON HINDMAN and ANISS HINDMAN,

        Defendants-Appellees.

UNPUBLISHED
May 14, 2019

No. 342018
Kent Circuit Court
LC No. 17-009382-CH

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

The issues presented in this easement dispute involve rules of civil procedure rather than property law. Plaintiffs Kevin and Janine Donovan sued their neighbors, defendants Bronson and Aniss Hindman, in the small claims court. The Donovans alleged that the Hindmans had violated a "tree preserve easement." The Hindmans removed the matter to the district court, where it was dismissed based on the court's determination that it lacked subject matter jurisdiction.

The Donovans then brought their claim in circuit court. That court also dismissed it, this time invoking res judicata and collateral estoppel. Adding to the Donovan's woes, the circuit court awarded attorney fees and costs against them totaling $12,427.28.

We reverse the circuit court's res judicata and collateral estoppel rulings, and vacate its orders. Because the district court lacked jurisdiction, it could not reach the merits of the parties' easement dispute. Absent a decision on the merits, res judicata does not apply. And because the district court found no facts, collateral estoppel does not bar a subsequent claim. We remand for further proceedings.

I

The Hindmans purchased an undeveloped piece of residential property abutting the Donovans' lot. According to the Hindmans' warranty deed, a "tree preserve easement" runs along the boundary of the two properties. The Donovans claim that during the construction of their new home, the Hindmans wrongfully removed trees and vegetation from the easement.

Through their attorneys, the parties attempted to resolve their differences. These efforts failed, and the Donovans brought an action in the small claims court. The Hindmans removed it to the district court.

The Hindmans moved for summary disposition, asserting that the language in their deed did not create an easement and that the term "tree preserve easement" was "just ambiguous." At the motion hearing, the district court acknowledged that the Donovans sought "to enforce a tree preserve easement." Because this claim sounded in equity, the judge declared, the district court did not have jurisdiction to hear it:

> Plaintiff is . . .seeking the Court to enforce a tree preserve easement. This Court is a Court of limited jurisdiction without equitable legal authority.

> \* \* \*

> The district court is a court of limited jurisdiction with no general equitable jurisdiction, MCL 600.8315. Plaintiff is asking the Court to use its equitable powers, that it does not have, to enforce this tree preserve. Plaintiff is also asking the Court to borrow equitable jurisdiction from the Circuit Court. The Court does not have the legal authority to do that.

Inexplicably, despite having determined that it lacked jurisdiction of this easement dispute, the district court proceeded to grant summary disposition to the Hindmans under MCR 2.116(C)(8) and (C)(10). The court stated:

> To kind of cut to the chase, trees grow, trees die. The legal description that the Court has reviewed does not set forth any terms of an easement description, use, maintenance, preservation, or any other condition of the tree preserve or any beneficiaries.

> The Court, not being a Court of equitable power, doesn't have authority to impose restrictions or . . . enforce an easement if it was in fact created.

> For those reason [sic] the Court is granting Defendant's [sic] Motion for Summary Disposition under (C)(10) and (C)(8) . . . .

> The case is dismissed, and if the parties think that the preserve does in fact exist, there's been discussions about equitable powers by the Circuit Court, I'd invite, you know, let the parties do whatever they need to do.

The district court's brief order stated in relevant part, "for the reasons stated on the record, Defendants' motion for summary disposition is granted, *without prejudice*, pursuant to MCR 2.116(C)(8) and (C)(10). (Emphasis added.)

The Donovans then brought this action in the circuit court, again asserting that the Hindmans violated the tree preserve easement and seeking the easement's enforcement. The Hindmans moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), arguing that no easement existed and that the doctrines of res judicata and collateral estoppel barred the

Donovans' claim. The circuit court's written opinion granting summary disposition to the Hindmans contains but one dispositive paragraph:

> The record provided by the district court grants the motion for summary disposition on the basis of both (c)(8) and (c)(10) [sic]. The district court determined that there was no genuine issue of material fact. The parties in both cases are identical, the case is identical, and the issues presented to this court are also identical. The motion before the district court provided both parties a full and fair opportunity to litigate this case and the district court's ruling was a valid and final judgment. Accordingly, summary disposition is appropriate under MCR 2.116(c)(7) [sic]. This Court finds that the claims are barred by collateral estoppel and res judicata.

The Donovans now appeal.

II

The district court correctly ascertained that it lacked subject matter jurisdiction in this easement dispute, as district courts do "not have jurisdiction in actions for injunctions, divorce or actions which are historically equitable in nature, except as otherwise provided by law." MCL 600.8315. Easement enforcement actions are "equitable matters." *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005); *Hasselbring v Koepke*, 263 Mich 466, 476; 248 NW 869 (1933).[1]

A court lacking jurisdiction to hear the case before it should promptly grant summary disposition under MCR 2.116(C)(4). In the absence of subject matter jurisdiction, a court is not empowered to decide whether the plaintiff's complaint sets forth an actionable claim under MCR 2.116(C)(8), or whether a triable question of fact exists under MCR 2.116(C)(10). "When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void." *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992).

---

[1] The Hindmans resist our conclusion that easement actions are equitable in nature, pointing out that in their small claims court petition, the Donovans requested an award of damages. Regardless of the relief sought in a complaint seeking redress for violation of an easement, the Supreme Court has highlighted that such claims are equitable in nature:

> Ejectment will not lie to recover an easement. Trespass to try title will not lie because there is no breach of the owner's possession. A party need not submit to an invasion of his rights and content himself with suing on the case for damages. Plaintiffs' remedy, if any, is in equity. [*Hasselbring v Koepke*, 263 Mich 466, 476; 248 NW 869 (1933).]

We note that "[a]t common law, trespass was a form of action brought to recover damages for any injury to one's person or property or relationship with another." *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 59; 602 NW2d 215 (1999) (quotation marks and citation omitted).

Because the district court's summary disposition rulings are void, the doctrine of res judicata has no effect. "A judgment to be res judicata must be valid and by a court having jurisdiction." *Reid v Gooden*, 282 Mich 495, 498; 276 NW 530 (1937) (citations omitted). A void judgment is not a judgment on the merits. *McNeil v Quines*, 195 Mich App 199, 201; 489 NW2d 180 (1992), citing *Laude v Cossins*, 334 Mich 622, 625-626; 55 NW2d 123 (1952). And a judgment on the merits is a necessary precondition for the application of res judicata. See *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).

Additionally, the district court dismissed the Donovans' case without prejudice, an appropriate remedy for a motion granted under MCR 2.116(C)(4). "[A] dismissal without prejudice is not a dismissal on the merits," and has no preclusive effect. *Grimmer v Lee*, 310 Mich App 95, 102; 872 NW2d 725 (2015). "[T]he term 'without prejudice' signifies a right or privilege to take further legal proceedings on the same subject, and show[s] that the dismissal is not intended to be res adjudicata of the merits." *Id.* (quotation marks and citation omitted).

Nor does the doctrine of collateral estoppel preclude the Donovans' circuit court claims. Collateral estoppel prevents a party from relitigating a question of fact "essential" to a previous "valid and final judgment." *Monat v State Farm Ins Co*, 469 Mich 679, 682; 677 NW2d 843 (2004). As a starting point, we are unable to discern any factual findings made by the district court. Although the district court observed that the "legal description" of the easement it reviewed seemed incomplete, it ultimately punted on whether an easement existed—"The Court, not being a Court of equitable power, doesn't have authority to impose restrictions or . . . enforce an easement if it was in fact created." Furthermore, in *Estes v Titus*, 481 Mich 573, 585; 751 NW2d 493 (2008), the Supreme Court held that a court lacking jurisdiction is not empowered to reach the merits of a plaintiff's claim. For this second reason, collateral estoppel does not apply. And because the matter was dismissed without prejudice and with the explicit expectation that the Donovans would pursue it in the circuit court, there was no "final judgment."

Finally, the circuit court awarded the Hindmans costs and attorney fees based on its finding that the action was frivolous because it was barred by res judicata. That finding was clearly erroneous, and we vacate that order.

We reverse the grant of summary disposition, vacate the order for attorney fees and costs, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing parties, plaintiffs may tax their costs under MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien

-4-